WILLIAM RAPP, Respondent, v. JOHN C. VOGEL, Appellant.

1. *Replevin — Profits and losses shown is no proof of ownership, etc.*—A. may have been the owner of, and entitled to the possession of, certain goods, notwithstanding that B. was interested in the profits of the sales. And in replevin for the goods against a sheriff, the jury were improperly instructed to find for defendant if, at the time of seizure, B. was owner of the property, or interested in the profits to be realized from the sale thereof.

2. *Partnership property seized by creditor of one partner—Partners in interest ascertained.*— The interest of a partner is subject to seizure by his private creditors, and the measure of his interest can be determined in the trial of a replevin suit for the property.

*Appeal from St. Louis Circuit Court.*

*Krum, Decker & Krum*, for appellant.

I. The solvent partner can not maintain replevin for partnership property against the sheriff. His right to replevin does not exist. (Wiles v. Sheriff, 26 Mo. 78 ; Phillips v. Townsend, 4 Mo. 101 ; Broadwater v. Darne, 10 Mo. 277 ; Gartside v. Nixon, 43 Mo. 138 ; Gray v. Parker, 38 Mo. 165.)

II. The value of the goods must be found for the sheriff, if the jury find the issue of title against plaintiff. (Gen. Stat. 1865, p. 665, §§ 11–13 ; Smith v. Winston, 10 Mo. 299 ; Berghoff v. Heckwolf, 26 Mo. 512 ; Fallon v. Manning, 35 Mo. 271.)

III. Replevin is strictly a legal proceeding, in which equitable interests or rights of co-tenants can not be adjusted, nor can a partnership account be taken. (Pawley v. Vogel, 42 Mo. 303.) Where the pleadings admit that plaintiff is the general owner, very different rules necessarily apply. (Dilworth v. McKelvy, 30 Mo. 149.) Dilworth v. McKelvy is fully explained in Fallon v. Manning, 35 Mo. 271, and Vogel v. Frei, 40 Mo. 149.

IV. An interest in the profits of a joint adventure renders the parties liable as partners to third persons. (Read v. Hollinshead, 4 B. & C. 867 ; Banchor v. Cilley, 38 Maine, 553 ; Myers v. Field, 37 Mo. 439.)

*F. A. & L. Gottschalk*, for respondent.

An interest in profits to be realized from the sale of goods does not give any interest in the goods themselves. (McCauley v. Cleveland, 21 Mo. 438 ; Hargrave v. Conroy, 4 C. E. Green, cited in Am. Law Reg., April, 1869, p. 253 ; Whitehill v. Shickle, 43 Mo. 537.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues in replevin to recover possession of certain personal chattels which the defendant, as sheriff, had levied upon and taken into his custody as the property of one Julius Rapp.

Rapp v. Vogel.

The property consisted of a small stock of goods valued at $1,000 or thereabouts. The testimony given at the trial, bearing upon the question of ownership of the goods, was conflicting — that for the plaintiff tending to show that he was the sole owner, and that for the defendant tending to show that Julius Rapp was the sole or principal owner — the business being carried on in the name of William Rapp, as the defendant's testimony tended to show, because of Julius Rapp's insolvency, and with a view to evade the latter's creditors.

Among other instructions given at the instance of the defendant was the following: "If the jury believe from the evidence that Julius Rapp, at the time of the levy of the execution, was the owner of, or had any interest in, the profits to be realized from the sale of the goods, the jury should find the issue for the defendant, although they may also believe from the evidence that the business and store was carried on in the name of William Rapp." This instruction is justly complained of as erroneous and misleading. The plaintiff may have been the owner of and entitled to the possession of the goods, as is averred in the petition, notwithstanding Julius Rapp's supposed interest in the profits of sales. The two things are not necessarily inconsistent. The instruction authorized the jury to found their verdict upon an entirely immaterial issue. Besides, there was no testimony tending to show that Julius Rapp had an interest in the profits of sales, apart from his interest in, or ownership of, the goods themselves. If Julius Rapp had any interest in the store, so far as the testimony tends to show, it was either as a partner or sole owner. If Julius Rapp was either a partner or sole owner, his interest was subject to seizure by his private creditors. If a partner, the measure and value of his interest could be ascertained and determined in the trial of the replevin suit. (See Gillham v. Kerone, *ante*, p. 487.)

The judgment of the Circuit Court at general term, reversing the judgment of the court at special term, is affirmed. The other judges concur.