S. B. RANKIN, Plaintiff, v. J. C. WYATT.—73 S. W. (2d) 764.

Division Two, July 9, 1934.

A. H. Garner and George V. Farris for plaintiff in error; L. H. Musgrave and C. W. Hamlin of counsel.

*McReynolds, McReynolds & Flanigan* for defendant in error.

FITZSIMMONS, C.—This case comes to the writer by reassignment. It was transferred to us by the Springfield Court of Appeals for the stated reason that the opinion of that court is in conflict with an opinion of the St. Louis Court of Appeals. We treat cases thus acquired from the appellate courts as if they had come to this court in the first instance. In the instant case the main opinion of the

Springfield Court of Appeals is reported in 48 S. W. (2d) 88, and the opinion upon a motion for rehearing in 49 S. W. (2d) 243. In this latter opinion the ground of transfer is stated. For convenience plaintiff in error will be called plaintiff and defendant in error will be called defendant.

Plaintiff brought a statutory action in replevin against defendant in the Circuit Court of Jasper County for the recovery of possession of a certain Chevrolet automobile of the stated value of $300. At the close of the plaintiff's case the trial court sustained defendant's demurrer to the evidence and in due course plaintiff took the case by writ of error to the Springfield Court of Appeals. The latter court reversed the judgment and remanded the cause (48 S. W. (2d) 88) upon the theory that the plaintiff in replevin can recover against a trespasser by proof of prior possession alone without proving title or proving that he was in fact legally entitled to the possession. The questions raised by this appeal require us to examine the pleadings.

In the amended petition plaintiff stated "that on or about the 23rd day of December, 1930, plaintiff was and ever since has been entitled to the possession of said automobile and now is entitled to immediate possession of the automobile above described by reason of a chattel mortgage securing a note, a certified copy of which is hereto attached and made a part of this petition." The amended petition also alleged that on or about April 16, 1931, defendant "maliciously, without cause, without any process of law, without title or color of title, stole, took into his possession unlawfully the automobile herein mentioned," and that at the time of the filing of the petition, defendant continued to hold possession of the property.

Defendant, by his answer, admitted that the automobile was of the value of $300 and denied all other allegations in the amended petition. The answer also charged that P. C. Gruver, who executed the chattel mortgage mentioned in plaintiff's amended petition acquired possession of the automobile in a transaction for the purchase of it by him from the R. & S. Motor Sales Company, but the sale was fraudulent and void and no title vested in Gruver because the automobile at the time of the pretended sale was registered in the office of the Secretary of State in the name of H. B. Sleight, in whom there was outstanding at the time, a certificate of ownership, and that when Gruver acquired possession of the automobile from the R. & S. Motor Sales Company there was not delivered to Gruver any lawful certificate of ownership or any certificate indorsed by the holder thereof with warranty of title in form printed thereon as required by Clause C, Section 7774, Revised Statutes 1929. Upon this state of facts the answer rested the charge that the pretended sale of the automobile to Gruver was void and he acquired no title thereto and that plaintiff's mortgage was void because taken from one who was not the owner of the automobile covered by the mortgage.

The substance of the evidence which is to guide us in passing upon the trial court's decision to sustain defendant's demurrer is as follows: The R. & S. Motor Sales Company at Carthage, Missouri, sold the car in suit, new, to a Mr. Sleight who obtained a certificate of ownership from the Missouri Commissioner of Motor Vehicles. For reasons that may be inferred the motor sales company repossessed itself of the car but it did not receive from Mr. Sleight his certificate of ownership. In the Spring of 1929, the R. & S. Motor Sales Company sold the car at Carthage, Missouri, to P. C. Gruver for $450, payable $200 cash, balance by note secured by chattel mortgage upon the car. As Mr. Sleight had not indorsed or delivered back the certificate of ownership, the motor sales company was unable, at the time of sale of the car to Gruver, to give to the latter the certificate. But the company gave to Mr. Gruver a bill of sale, with which he went to Pittsburg, Kansas, and there on May 2, 1929, he obtained in his own name a Kansas certificate of ownership and license. Gruver gave as a reason for the Kansas certificate and license that, at the time, he resided in Pittsburg, Kansas. Later, on April 24, 1931, Gruver obtained in his own name a Missouri license for the car. This he did after the taking of the car by defendant and after the execution by Gruver of certain mortgages to plaintiff.

During the year 1929 and 1930, Gruver became indebted to plaintiff Rankin for sundry sums which Rankin had advanced. In addition Rankin paid off a balance of $100 due on Gruver's mortgage to the motor sales company. The result was a total obligation from Gruver to Rankin of $315 for which Gruver gave to Rankin his promissory note, secured by a mortgage on the automobile. These instruments were dated December 23, 1930, and were in effect when defendant took possession of the automobile on April 16, 1931. Gruver gave plaintiff Rankin another promissory note and mortgage on the car April 18, 1931. While Gruver testified that the second mortgage was in payment of the first, Rankin produced both mortgages at the trial. Rankin explained that he lived in Greene County and he desired a mortgage which would be of record there rather than in Jasper County where the first mortgage from Gruver to Rankin was on file.

On or about January 5, 1931, defendant Wyatt sued Gruver for debt before a justice of the peace in the village of Republic in Greene County, and, in aid of his action, caused an attachment to be levied upon the automobile. The constable took possession of the car under the attachment. Plaintiff Rankin filed a third party claim, based upon his mortgage which was the one of December 23, 1930. Defendant Wyatt thereupon abandoned the attachment suit and released the attachment. The constable surrendered the car to plaintiff Rankin, and the latter departed to obtain a new battery, leaving the car in the village where the constable had held it. During Rankin's

absence, defendant Wyatt seized the car, on or about April 16, 1931, and drove it to Carthage. There Rankin found it and brought his replevin action in the Circuit Court of Jasper County.

Gruver and plaintiff Rankin also testified that Gruver, by way of further security, gave to Rankin a bill of sale for and possession of the car prior to the attachment suit and to the taking of the car by defendant Wyatt. Defendant, by his cross-examination of plaintiff and of Gruver, the only witnesses in the case, sought to establish a conspiracy between plaintiff Rankin and Gruver affecting the automobile and designed to defraud Gruver's creditors. But we disregard this testimony because it did not prove what defendant desired and because it did not guide the trial court in sustaining the demurrer.

I. The Springfield Court of Appeals in reaching the conclusion that a plaintiff in replevin can recover against a trespasser by proof of prior possession alone without proving title did not pass upon the question of title. In effect it struck from the case the issue of ownership or interest as a basis to the right of possession, raised by plaintiff's petition and by defendant's answer. On well-settled principles of pleading we feel obliged to rule that, however right the Springfield Court of Appeals was in its decision to reverse the judgment and to remand the cause, it could not reach that conclusion by a process of elimination of the issues presented. In the early case of Gray v. Parker, 38 Mo. 1. c. 165, this court in an opinion by WAGNER, J., said:

"Appellants, in their answer, did not plead property either in themselves or in a stranger, but contented themselves with pleading *non cepit,* and traversing the respondent's title to the property. Where *non cepit* is pleaded in an action of replevin, the plaintiff's title is admitted, but it is incumbent on him to prove that the defendant had the goods; but where the issue raises the question of title, it devolves on the plaintiff to prove that, at the time of the caption, he had a general or special property in the goods taken, and the right of immediate and exclusive possession—2 Greenl. Ev., sec. 561."

The case of Gartside v. Nixon, 43 Mo. 138, 1. c. 139, was an action in replevin for the recovery of a horse. The plaintiff's title to the property was put in issue by the pleadings. At the instance of plaintiff the court instructed the jury that the plaintiff was entitled to recover if the jury found and believed that the plaintiffs and the persons under whom he claimed title had had actual possession of the horse since September, 1865. This court held this instruction to be erroneous and said: "Where the plaintiff's title is denied, naked possession is not sufficient to maintain an action. It must appear that he had a right to the possession of the property. The

plaintiff must prove that he had a general or special property in the horse. [10 Mo. 277; 38 Mo. 160; 9 Mo. 256; 1 Johns. 380.]'' The Springfield Court of Appeals itself stated substantially the same rule in the case of Weaver v. Lake, 4 S. W. (2d) 834, l. c. 835, which was an action for the replevin of an automobile.

The case with which the Springfield Court of Appeals by its opinion in the instant case found itself in conflict is Benedict & Burnham Manufacturing Co. v. Jones, 60 Mo. App. 219, decided by the St. Louis Court of Appeals in 1895. This was an action of replevin brought by the vendor of certain merchandise against the statutory assignee of the vendee. The judgment for plaintiff was reversed for the reason that the petition only stated that the plaintiff was lawfully entitled to the possession of the merchandise, and therefore did not state a cause of action. ''It has always been the rule in this State'' said the St. Louis Court of Appeals, ''that, where the defendant asserts title to the property in himself or a third person, the plaintiff cannot recover in this form of action upon a bare showing of possession in himself which otherwise would be prima facie evidence of his ownership. [Benedict & Burnham Mfg. Co. v. Jones, 60 Mo. App. l. c. 222.]

The conflict between the opinion of the Springfield Court of Appeals in the instant case and the opinion of the St. Louis Court of Appeals in the case of Benedict & Burnham Mfg. Co. v. Jones, supra, is decided in favor of the latter opinion. But this conclusion is not decisive of this case. For plaintiff in his petition pleaded a right of possession founded on a mortgage of the car in dispute, while defendant by his answer denied that the mortgage gave to plaintiff a right of action in replevin against defendant. The pleadings and proof leave nothing wanting under the cases heretofore cited. The question for our decision is whether defendant has a complete defense in that the sale of the automobile by the R. & S. Motor Sales Company to Gruver was null and void under the Motor Vehicle Act (Sec. 7774, R. S. 1929, 7 Mo. Stat. Ann., p. 5193), because H. B. Sleight was the registered owner of the car at the time, and therefore that the mortgage from Gruver to plaintiff Rankin was void. The evidence clearly establishes the fact that defendant Wyatt by his unauthorized seizure of the car was a trespasser and that plaintiff Rankin was in possession at the time of the taking.

▪ II. Although a plaintiff in replevin should plead and show some property right or interest in the chattel involved, that property right or interest is but ancillary to the dominant right of possession. And it has been well said that ''the wrongful detention is the gist of the action, and if it appears defendant had so much as a special property in the goods, supporting a right to immediate possession at the time, the action must fail.'' [Sutton v. Railway Co., 159 Mo.

App. 685, 140 S. W. 76.] In the latter case the owner of household goods was denied the right to replevin his property from a common carrier which had a lesser but rightful interest to the extent of a lien for unpaid freight charges. Many cases from this and other jurisdictions might be cited to show that the right of possession of the owner of personal property must yield to the superior right of one having a lien or other lesser interest. But the proposition is self-evident. On the other hand, the fact that the owner is not entitled to possession as against one person will not preclude his action against another. And the fact that a third person may have some interest in the property will not preclude replevin by one having the right to possession as against the defendant sued. [54 C. J. 439; Rapp v. Vogel, 45 Mo. 524.] As the right of a defendant to retain the property descends the scale of relative rights of possession to the vanishing point of a wrongful detention by a trespasser, the interest ·sufficient to sustain plaintiff's action in replevin diminishes. And so a bailee may sue in replevin to recover property from all persons except the owner, and especially from trespassers. [Pallen v. Bogy, 78 Mo. App. 88; Sowden v. Kessler, 76 Mo. App. 581.]

In the case of Wilkison v. Grugett, 20 S. W. (2d) 936, the Springfield Court of Appeals rightly said that ''the defendant must not forget that this is a replevin suit, and that replevin is primarily a possessory action,'' and therefore that it cannot be sustained for the purpose of trying the right of property, citing 34 Cyc. 1354, and Mattison v. Hooberry, 104 Mo. App. 287, 78 S. W. 642. The words of the Springfield Court of Appeals in Wilkison v. Grugett are very pertinent here, for that, too, was an automobile replevin suit in which the defendant set up the absence of ownership in the plaintiff by reason of noncompliance with Section 7774, Revised Statutes 1929, relating to certificates of title—the same defense as in the instant case.

Section 7774, which was Section 18 of the Motor Vehicle Law of 1921 (Laws 1st Ex. Sess. 1921, p. 88) provides that after the expiration of four months after the taking effect of the act, it shall be unlawful for any person in this State to operate a motor vehicle unless a certificate of ownership shall have been issued as therein provided. The section also provides that, in the event of a sale or transfer of ownership of a motor vehicle for which a certificate of ownership has been issued, the holder of such certificate shall indorse on the same an assignment, with warranty of title, in form printed thereon, with the statement of all liens or encumbrances on the motor vehicle, and deliver the certificate so indorsed to the buyer at the time of the delivery to him of the vehicle. The statute further provides that the buyer at the time of the making of application for the registration of the motor vehicle shall present the certificate so assigned to the commissioner who upon the payment of a fee of one

dollar shall issue a new certificate to the buyer. Finally, the statute provides that it shall be unlawful for any person to buy or sell in this State any motor vehicle registered under the laws of this State unless at the time of the delivery thereof, there shall pass between the parties such a certificate of ownership, with an assignment indorsed upon it, duly acknowledged before a notary public, "and the sale of any motor vehicle or trailer registered under the laws of this State, without the assignment of such certificate of ownership, shall be fraudulent and void."

The statute in subdivision C, part of which we have thus epitomized, makes no reference to mortgages except in the provision for a statement of liens and encumbrances of the motor vehicle in the warranty of title, be indorsed upon the back of an assigned certificate. But defendant, who upon the record was guilty of a conversion of the automobile in suit, would have us to hold that he did not wrongfully detain the car from plaintiff because plaintiff's mortgage was void for the reason that the mortgagor's purchase was void under the statute. Upon the record, plaintiff gave a valuable consideration for the note secured by the chattel mortgage and actual fraud did not enter into the execution or procurement of it. If we were to pass upon this question of property right and if we were to find that plaintiff's mortgage was void and his action in replevin not maintainable we would in this case go contrary to the intent of the Motor Vehicle Law. In the case of State ex rel. Connecticut Fire Insurance Co. of Hartford, Conn., v. Cox, 306 Mo. 537, 268 S. W. 87, a certiorari proceeding in which this court passed upon an opinion of the Springfield Court of Appeals in the case of Howell v. Connecticut Fire Insurance Co., 215 Mo. App. 386, 257 S. W. 178, this court said of the purpose of the Motor Vehicle Law:

"The respondents in the case under review, 257 S. W. l. c. 181, have correctly stated the *purpose* of said law, as follows:

" 'This law was passed as a general welfare safeguard to prevent the trafficking in stolen cars, and, in order to prevent that evil which had become prevalent, the Legislature saw fit to require that parties dealing in motor cars comply with certain regulations.' " And the statute itself (Sec. 7774, R. S. 1929) expresses its intent in its concluding words as follows:

"The commissioner shall co-operate with the commissioners or the officials of other states and countries having supervision of the registration of motor vehicles and shall exchange information with them relative to the registration, ownership, sale and theft of motor vehicles, for the purpose of suppressing the stealing and unauthorized use of motor vehicles."

In the case of State v. Liston, 318 Mo. 1222, 2 S. W. (2d) 780, this court affirmed a judgment and sentence of two years' imprisonment in the penitentiary, entered upon defendant's conviction of the

636

charge of embezzlement of an automobile owned by one Josie Morris, while the same was in defendant's possession as bailee. Defendant offered in evidence a certificate of title showing that A. J. Morris, husband of Josie, was the owner of the car. In rebuttal for the State, A. J. Morris testified that he bought the car and gave it to his wife. The assessor's records showed that Josie listed the car as her property. Of this evidence this court said (318 Mo. 1222, 2 S. W. (2d) 783):

"We think the proof was sufficient to establish Josie Morris' ownership of the automobile by gift from her husband. In any event, her undisputed possession, charge, and control of the automobile, at the time it was loaned by her appellant, was sufficient proof of ownership as against appellant. [State v. Montgomery, 181 Mo. 19, 79 S. W. 693, 67 L. R. A. 343, 2 Ann. Cas. 261; State v. Carroll, 214 Mo. 392, 113 S. W. 1051, 21 L. R. A. (N. S.) 311; State v. Williams, 183 S. W. 308.]"

We see no reason why the same language as far as appropriate to the facts here should not be said of defendant, who wrongfully converted to his own use the car in suit.

It is true that in the case of State ex rel. v. Cox, supra, this court enforced vigorously the provisions of Section 7774, declaring fraudulent and void a sale of a motor vehicle not made in accordance with the law. But it is to be remembered that there was involved in that case not a question of a right of possession against a trespasser but the property right of an insurable interest. If we were to follow strictly or rather blindly without looking to the distinguishing facts the rule of State v. Cox, we would defeat the purpose and intent of the statute.

For the reasons stated, the judgment of the circuit court is reversed and the cause remanded for a new trial, not inconsistent with this opinion. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All the judges concur.