MARION PEARL d/b/a ECONOMY AUTO SALES, Appellant, v. INTER-STATE SECURITIES COMPANY.—No. 40317.—206 S. W. (2d) 975.

Court en Banc, December 8, 1947.

*Kenneth H. Sanford* and *J. W. Buffington* for appellants.

*Harry B. Jenkins* for respondent.

162

[976] HYDE, J.—Action in two counts, replevin and conversion. Judgment was entered for defendant at close of plaintiff's evidence. Plaintiff appealed to the Kansas City Court of Appeals which affirmed the judgment. [Pearl v. Interstate Securities Co., 198 S. W. (2d) 867.] We have ordered the case transferred.

A summary of the pleadings and statement of the evidence may be found in the opinion of the Court of Appeals. Plaintiff, a used car dealer in the city of Mexico, purchased two used cars which he drove to the city of Independence to sell to the Security Motor Company (hereinafter called Security) for cash. He took a check for agreed price which he deposited in his bank at Mexico the next morning but which was returned unpaid in about four days. Likewise, on the next morning, Security mortgaged the cars to defendant. At the time of the delivery of the cars, plaintiff also delivered with them, to Security, the title certificates [977] issued by the Commissioner of Motor Vehicles to the original owners from whom plaintiff had purchased them. (We consider the Cunningham deal as a sale to plaintiff because McManama who was with plaintiff at the time, furnished

the purchase price for him and took his check which Cunningham would not take; or at least the court could reasonably so find.) The assignment on each certificate was signed by the owner but not acknowledged and no name of a transferee was written therein, this space being left blank. Plaintiff had previously sold used cars to Security buyers at Mexico and had taken its checks therefor; but he had retained the title certificates and attached them to the checks so that they would be delivered to Security only when the checks were paid. Plaintiff said he thought he was protected by leaving the certificates with the assignments signed in blank and without acknowledgments. He said he was a notary and would have completed them if the check had cleared. Soon after the transaction involved herein, a receiver (appointed by the Circuit Court) took charge of Security and both parties filed intervening petitions claiming title to the cars. The receivership was later dismissed and defendant, in whose warehouse the cars had been stored, kept possession of them and obtained new title certificates for them from the Commissioner on affidavit of repossession and chattel mortgage foreclosure.

Plaintiff concedes that he did not have title to the cars, and that title thereto remained in the original owners, because of failure to comply fully with Section 8382(c), R. S. 1939, Mo. Stat. Ann. However, he contends that he was a bailee with a special interest under an implied contract of bailment and that his "right of possession as bailee would be superior to any claimed rights of the defendant, unless it could show superior rights derived from the rightful owners of the cars." Plaintiff says that, since his sale to Security was for cash, he retained constructive possession pending payment of the check; that Security's possession was his possession; and that he was entitled to take actual possession when payment was refused; citing Johnson-Brinkman Co. v. Central Bank, 116 Mo. 558, 22 S. W. 813. [See also Rhodus v. Geatley, 347 Mo. 397, 147 S. W. (2d) 631, l. c. 638 and authorities therein cited.] He, therefore, claims that at all times he was entitled to the right of possession and that defendant was only a trespasser who wrongfully deprived him of his right of possession, citing Rankin v. Wyatt, 335 Mo. 628, 73 S. W. (2d) 764; Riss & Co. v. Wallace, 350 Mo. 1208, 171 S. W. (2d) 641; Quinn v. Gehlert, (Mo. App.), 291 S. W. 138; Sullivan v. Gault, (Mo. App.), 299 S. W. 1116. Rankin v. Wyatt holds that one rightfully in possession of an automobile, but without title because of failure to obtain an assignment of the title certificate in compliance with Section 8382, could maintain replevin against a trespasser taking possession without right. Riss v. Wallace holds that one who claimed to be a purchaser when the certificates of title had never been assigned or delivered to him did not have the right of possession against the owner and holder of the title certificates.

■ The Court of Appeals held that both parties had violated. Section 8382 and that the court should not aid either of them but leave them where it found them. However, that principle, which is applied as between parties to an illegal contract, is not in our opinion applicable under the facts of this case. [See 12 Am. Jur. 713-745, Sec's. 209-225; 17 C. J. S. 656-682, Sec's. 272-293.] Haggerty v. Ice Mfg. & Storage Co., 143 Mo. 238, 44 S. W. 1114, relied on by the Court of Appeals, was a suit on a contract for damages for nonperformance. Plaintiff herein is not seeking to enforce any contract against defendant. He bases his right of possession on his claim that he had the right to the possession of the cars derived from their true owners, and that defendant got no right, title or interest of any kind in them because it did not deal with any one who had any right to give to it. Even between parties to an illegal contract, recovery of money or property is allowed while the contract remains executory. [Idel v. Hamilton Brown Shoe Co., 343 Mo. 373, 121 S. W. (2d) 817; 17 C. J. S. 662, Sec. 275; [978] 12 Am. Jur. 732, Sec. 216.] Certainly the agreement between plaintiff and Security was never completely performed.

■ It is true that recovery in either replevin or conversion depends on the strength of plaintiff's own claim and not on the weakness of defendant's. However, as held in Rankin v. Wyatt (335 Mo. 628, 73 S. W. (2d) 1. c. 767), "the fact that a third person (in this case the original owners) may have some interest in the property will not preclude replevin by one having the right to possession as against the defendant sued." Therefore, even though plaintiff did not have the legal title, he could recover from one without any right if he could show that he had a special property or interest in the cars which gave him the right to the possession thereof.

■ ■ Section 8382 requires for a valid sale of a used automobile that the holder of the certificate of ownership must endorse thereon an assignment in the form prescribed by the Commissioner. The statute does not require an acknowledgment before a notary, but the form prescribed includes such an acknowledgment. We think that the statutory authority was broad enough to authorize the Commissioner to require an acknowledgment as a part of the assignment form he was required to prescribe. Therefore, an acknowledgment was essential before new title certificates could be issued to purchasers of these automobiles. To comply with this statute, a buyer, who is not a registered dealer, must present the title certificate properly assigned with his application for registration (which must be made promptly) and obtain a new title certificate in his own name. However, in the case of dealers, the statutory requirement is only that a dealer must have "a separate certificate of ownership, either of such dealer's immediate vendor, or of the dealer himself." For dealers,

the Commissioner is authorized to make forms differing from those used for individuals. Documents in evidence show such forms, so that when a dealer is the buyer, while he must take an assignment directly to himself, he may make a reassignment direct to his vendee without getting a new title certificate in his own name as required in the case of sales between individuals. Instead the new certificate may be issued direct to the dealer's vendee.

Plaintiff did obtain the title certificates with assignments thereon signed by each owner at the time the cars described therein were delivered to him as Section 8382 required. However, plaintiff did not fully comply with the statute because he did not have the assignment of the certificates to him by the holders completed in the form prescribed by the Commissioner which included an acknowledgment before a notary. He had only an unacknowledged assignment, and this was not sufficient to vest the legal title in him. Although he was a notary he had no authority to take an acknowledgment on an assignment to himself as he said he intended to do. [1 Am. Jur. 334-335, Sec.'s. 52-53; 1 C. J. S. 821-825, Sec.'s. 52-53.] Nor would he or anyone else have had the right to fill in the name of Security as assignee from the holders because he was the buyer and Section 8382 required the assignment to be made to him. To do so would be a misdemeanor. (Sec. 8404(d), R. S. 1939, Mo. Stat. Ann.) Nevertheless, he had implied authority to fill in his own name because it was the intention of the parties that the same be made to him. [National Bond & Investment Co. v. Mound City Finance Co., (Mo. App.), 161 S. W. (2d) 664.] Since a notary would not always be immediately available when an agreement for a sale is made, surely the buyer should have a reasonable time to complete the assignment by obtaining the seller's acknowledgment.

At least, we think that an unacknowledged assignment, like an unacknowledged deed, would give some rights as between the parties. [See 1 Am. Jur. 320-322, Sec.'s. 10-13; 1 C. J. S. 780, Sec. 6; State ex rel. Crites v. Short, 351 Mo. 1013, 174 S. W. (2d) 821.] "A conveyance inoperative to pass legal title because of the want of an acknowledgment or a defective acknowledgment may be enforced (in equity) as a contract to convey." [1 C. J. S. 781, Sec. 6a(2); see also 1 Am. Jur. 322, Sec. 13.] Plaintiff had lawful possession of the cars and the title certificates because the owners intended for him to have them; and this [979] gave him an enforceable right of possession against third parties with no right thereto. [Rankin, v. Wyatt, supra.] The parties intended the transaction to be an actual bona fide sale and plaintiff had paid the full purchase price. He could have completed compliance with Section 8382 so as to have title vested in him by writing in his name as assignee and getting a notary to take the acknowledgments of his assignors. [See Craw-

ford v. General Exchange Ins. Corp., (Mo. App.), 119 S. W. (2d) 458.] Certainly he had acquired a sufficient equitable interest to have had the right to compel his assignors to complete the transfer of legal title to him, unless they saw fit to return the purchase price and rescind the sale. [See Boyer v. Garner, (Mo. App.), 15 S. W. (2d) 893; Riss & Co. v. Wallace, supra.] The evidence, including the testimony of one of his vendors, shows that they claimed no rights against plaintiff. Therefore, he had lawful possession of the cars under a claim of right.

There is no requirement in Section 8382 as to transfer of title certificates in connection with mortgages on automobiles. However, a mortgagor must have legal title for his mortgage to be a lien on described property. [Personal Finance Co. v. Lewis Investment Co., (Mo. App.), 138 S. W. (2d) 655; New England National Bank v. Northwestern National Bank, 171 Mo. 307, 71 S. W. 191.] We held in State ex rel. Connecticut Fire Ins. Co. v. Cox, 306 Mo. 537, 268 S. W. 87, that a purchaser, who obtained no assignment of a certificate of title, had no insurable interest in the automobile. It, therefore, follows that he would have no mortgageable interest. What was required to vest title in Security, even if it had paid the check for the purchase price, was both a completion of the assignments so as to vest title in plaintiff and an execution and acknowledgment of the dealers reassignment on the certificates by him to Security. Since neither was ever done, Security never got any title it could mortgage; and could not give defendant any lien on these cars. Therefore, defendant's mortgagor could get nothing by its foreclosure. Under these facts, following Rankin v. Wyatt, supra, we must hold that plaintiff had a special interest in the cars which gave him a right of possession superior to defendant's claim under a mortgage from a mortgagor who never got any title.

Of course, plaintiff might be estopped from making this claim. Plaintiff said he left the assignments with Security uncompleted as a protection to him pending payment of the check. Defendant's contention is that this made it possible for Security to defraud it and that it is in the position of a bona fide purchaser without notice of any defect in its mortgagor's title, citing Pettus v. Powers, (Mo. App.), 185 S. W. (2d) 872; Anderson v. Arnold-Strong Motor Co., (Mo. App.), 88 S. W. (2d) 419. The weakness of defendant's position is that defects in the title of its mortgagor were apparent on the face of the title certificates of these cars held by it. These defects at least were sufficient to put defendant upon inquiry to ascertain the true facts, and the true facts would have shown that Security had nothing to mortgage. Defendant may have evidence to show estoppel but it does not appear from plaintiff's own evidence.

The judgment is reversed and cause remanded. All concur.