AGNES B. PEPER v. AMERICAN EXCHANGE NATIONAL BANK IN ST. LOUIS, Appellant.—No. 40675.—210 S. W. (2d) 41.

Division One, March 8, 1948.

Rehearing Denied, April 12, 1948.

*Jesse E. Bishop* for appellant.

*Edw. E. Rudolph* for respondent.

BRADLEY, C.—Plaintiff (respondent) commenced this cause against the appellant bank and the Mississippi Valley Trust Company and Albert D. Duncan. Her petition is in two counts. In the first count she asked cancellation of three mortgages given by defendant Duncan on a car originally owned by Robert Wherry and in the possession of plaintiff. Two of these mortgages were given to defendant bank and one to the Mississippi Valley Trust Company, which company was made a defendant, but later dismissed because it released its mortgage. Plaintiff also asked in her petition that defendant bank be ordered to deliver to her the Wherry certificate of title to said car and that title to the car be vested in her. In the second count plaintiff asked a money judgment against Duncan, a used car dealer from whom plaintiff purchased the car, if she was unsuccessful on the first count. Defendant bank, in its answer, denied that plaintiff had any right to have its mortgage of September 5, 1944, can-

celled, and on a cross complaint asked that the court declare that it had a first lien on the car for $863, and that the court declare that it had the right to the possession, and that plaintiff be ordered to deliver possession of it.

The trial court found that plaintiff was the owner of the car in question and entitled to the possession thereof; cancelled the bank's two mortgages, and ordered the bank to deliver to plaintiff the Wherry certificate of title which the bank had in its possession, and enjoined the bank from disposing of said certificate. Defendant bank appealed to the St. Louis Court of Appeals. The majority opinion of that court agreed with the trial court except as to form of judgment entered; reversed the judgment and remanded the cause with direction to enter judgment in conformity with the opinion. One of the judges (Judge Anderson) dissented and the cause was certified to the supreme court. See Peper v. American Exchange National Bank et al., 205 S. W. (2d) 215.

Robert Wherry, as stated, was the original owner of the car involved and the certificate of title issued to him was dated December 9, 1941. Robert was in the Army; his father, Gilbert Wherry, held power of attorney from Robert to sell the car, and had the car and the certificate of title in [43] his possession. March 11, 1944, the father sold the car (a Ford coupe) to defendant Duncan. The father signed his son's name as assignor in the blank assignment form on the reverse side of the certificate of title, but no assignee was named in the blank and there was no acknowledgement. The father did not state in the blank that he signed his son's name by power of attorney; just signed his son's name; Duncan told him that was all that was necessary. March 14, 1944, three days later, Duncan sold the car to plaintiff, and handed to her the Wherry certificate of title in same condition as above described and told her to sign her name at the place provided therein for the assignee, and pointed out to her where to sign. Plaintiff did not have her glasses and asked her daughter (who was present) to write her (plaintiff's) name. Thereupon, Duncan said to plaintiff, ''I will tell you what I will do; I will fix this title all up for you and you won't have to bother; I will send it to Jefferson City and have it transferred.'' So plaintiff's name was not written in the Wherry certificate as assignee. She handed back to Duncan the certificate for him to look after getting a certificate of title to her, and gave him a check for $3.50 to pay for the issuance of the new certificate of title and to pay for the transfer to the Ford the number plates on a LaSalle car traded in as a part of the purchase price. Plaintiff then took the Ford into her possession and it remained in her possession. Duncan thereafter inserted his name instead of plaintiff's as assignee in the Wherry certificate assignment blank and on April 14, 1944, gave defendant bank a mortgage on the car to secure a loan and delivered to the bank the Wherry certificate

showing in blank Robert Wherry as assignor and Duncan as assignee, but not acknowledged. July 1, 1944, Duncan obtained a loan from the Local Finance Company and gave a mortgage on the car, and on August 3, 1944, he obtained a loan from the Mississippi Valley Trust Company and gave a mortgage on the car, and then on September 5, 1944, he for the second time gave defendant bank a mortgage on the car. The Wherry certificate of title in the condition as above described was deposited, we infer, with each mortgage when the mortgage was given or shortly thereafter. The inference is that Duncan executed the successive mortgages to take up the one immediately prior. The mortgage given to defendant bank on April 14, 1944 was paid off, but the record thereof was not satisfied.

Plaintiff was never able to get Duncan to get her title certificate. In the situation she could not get number plates for the car and it remained idle. Plaintiff finally ascertained that Duncan had inserted his name as assignee in the Wherry certificate, and she also ascertained about the mortgages. Thereupon she demanded of defendant bank the Wherry certificate of title; the bank refused to comply and this cause was commenced. At the time of the trial the assignment blank on the reverse side of the Wherry certificate of title had after the name of Robert Wherry the words, "by Gilbert Wherry, attorney in fact." It also showed that Robert Wherry, on August 21, 1944, acknowledged the assignment to Duncan. Also, at the time of the trial, the assignment of title form on the reverse side of the Wherry certificate had pasted thereon a typewritten acknowledgement to the effect that Gilbert Wherry, the father, as attorney in fact for Robert Wherry, acknowledged, on March 2, 1946, the assignment to Duncan. Gilbert Wherry testified that at the request of counsel for defendant bank he added the words "by Gilbert Wherry, attorney in fact", but said that he made no acknowledgment at any time, and there is no claim that Robert Wherry acknowledged at any time.

The dissenting opinion in the present cause in the court of appeals made reference to Pearl v. Interstate Securities Company (Mo. App.), 198 S. W. (2d) 867. That case was transferred to the supreme court and decided en banc December 8, 1947. Pearl v. Interstate Securities Company, 357 Mo. 160, 206 S. W. (2d) 975. The ruling by this court in the Pearl case is, we think, decisive in the present case.

Pearl was a used car dealer in Mexico, Missouri. August 12, 1942, he purchased from one Backer a Chevrolet car and received from Backer the car and Backer's [44] certificate of title signed by him as assignor in the assignment blank; no assignee was named, and the assignment was not acknowledged. August 14, two days later, Pearl purchased a Buick from one Cunningham who delivered the car and his certificate of title. Cunningham signed the assignment as assignor, but left the assignee blank, and did not acknowledge. The next day (August 15th) Pearl took both cars to Independence,

Missouri, and sold and delivered them to the Security Motor Company. He also delivered to the motor company the two certificates of title without further change therein. The sale was for cash, but Pearl accepted the motor company's check. The next morning (August 16th) Pearl deposited the check in his bank at Mexico, and on that day the motor company gave a mortgage on the two cars to the defendant Interstate Securities Company.

Soon after the motor company gave the mortgage to the Interstate Securities Company, the motor company was placed in receivership. Both Pearl and the Interstate Securities Company filed intervening petitions claiming title to the two cars. The cars had remained in the warehouse of the Interstate Securities Company, which company obtained new title certificates on affidavit of repossession and mortgage foreclosure. Pearl, in separate counts, brought replevin and conversion against the Interstate Securities Company. He was unsuccessful in the trial court and appealed to the Kansas City Court of Appeals where the judgment of the trial court was affirmed, but the cause was transferred as stated. The opinion by this court in the Pearl case holds that the Security Motor Company got no title to the two cars and therefore had no title to mortgage to the Interstate Securities Company.

Sec. 8382 R. S. 1939, Mo. R. S. A.; Sec. 8382 requires, for a valid sale of a used motor vehicle, that the holder of the certificate of title endorse thereon an assignment prescribed by the commissioner of motor vehicles and that the assignment be *acknowledged*. Such is the ruling by this court in the Pearl case. It is pointed out in that case by this court that Sec. 8382 does not specifically require acknowledgment, but it is ruled [357 Mo. 160, 206 S. W. (2d) l. c. 978] that the statute is ''broad enough to authorize the commissioner to require an acknowledgment as a part of the assignment he is by the statute required to prescribe.''

In the Pearl case in this court it is said [357 Mo. 160, 206 S. W. (2d) l. c. 979]: ''What was required to vest title in Security (Security Motor Company), even if it had paid the check for the purchase price, was both a completion of the assignments so as to vest title in plaintiff (Pearl) and an execution and acknowledgment of the dealer's reassignment on the certificates by him to Security. Since neither was ever done, Security never got any title it could mortgage; and could not give defendant any lien on these cars. Therefore, defendant's mortgagor could get nothing by its foreclosure. Under these facts, following Rankin v. Wyatt, supra [335 Mo. 628, 73 S. W. (2d) 764] we must hold that plaintiff had a special interest in the cars which gave him a right of possession superior to defendant's claim under a mortgage from a mortgagor who never got any title.''

So from the ruling by this court in the Pearl case it is quite clear that Duncan in the present case did not have title to the Wherry car

when he executed the mortgages mentioned. It is true that he deposited with the defendant bank the Wherry certificate of title showing in blank in the assignment thereon Robert Wherry as assignor and himself as assignee, but there was no acknowledgment, and had Duncan's name been rightfully inserted as assignee, still, absent acknowledgment, he had no title, and having no title he had nothing to mortgage. Pearl v. Interstate Securities Company (Mo. Sup.), supra; Personal Finance Co. v. Lewis Inv. Co. (Mo. App.), 138 S. W. (2d) 655; New England National Bank v. Northwestern National Bank, 171 Mo. 307, 71 S. W. 191. See also, State ex rel. Connecticut Fire Ins. Co. v. Cox et al., 306 Mo. 537, 268 S. W. 87. Defendant bank cannot be innocent, because it had the Wherry certificate in its possession and knew that the assignment was not acknowledged. [45] In the Pearl case in this court it is pointed out that the Interstate Securities Company, mortgagee defendant, claimed it occupied the position of a bona fide purchaser without notice of any defects of its mortgagor's title. Answering this contention the court said [357 Mo. 160, 206 S. W. (2d) l. c. 979]: "The weakness of defendant's position is that defects in the title of its mortgagor were apparent on the face of the title certificates of these cars held by it. These defects at least were sufficient to put defendant upon inquiry to ascertain the true facts, and the true facts would have shown that Security had nothing to mortgage."

Michael J. Aubuchon was the notary who signed as such each of the purported acknowledgments on the Wherry certificate of title. As stated, supra, there is no claim that Robert Wherry acknowledged the purported assignment to Duncan. It is admitted that Aubuchon inserted in the assignment blank the purported acknowledgment of Robert Wherry "as a favor to Albert D. Duncan." Mr. Bishop, counsel for defendant bank, was a witness and testified that he and Aubuchon, on March 2, 1946, contacted Gilbert Wherry and that he (Wherry), on that occasion, made the acknowledgment of that date. However, Mr. Bishop, in discussion with the court, said this: "I secured this acknowledgment purely for the purpose of enabling this title to be transferred more easily, if and when we secured possession of the automobile. That was the only reason. I mean this acknowldgment does not cure our title in any way, shape or form, if we had no title at the time we took the mortgage." Since plaintiff acquired a special interest in the car prior to the alleged acknowledgment of March 2, 1946, and prior to the delivery of the incompleted Wherry certificate to the bank, such acknowledgment, even though genuine, would not be of any avail to defendant bank. As stated, we think it is clear from the ruling by this court in the Pearl case and it is equally clear from the statute, Sec. 8382, that defendant bank got no title under its mortgage. Subdivision (c) of Sec. 8382, among other things, provides: "It shall be unlawful for any person to buy

or sell in this state any motor vehicle or trailer registered under the laws of this state, unless, at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void.''

Under the facts plaintiff has no title to the car involved; title thereto is yet in Robert Wherry. But plaintiff, because of her special interest in the car acquired by payment of the purchase price and the delivery to her of the car and the Wherry certificate of title, all with the consent of the Wherrys and Duncan, is entitled to have that interest perfected into title as against Robert Wherry. The judgment should therefore be reversed and the cause remanded, and plaintiff be granted leave to amend her petition by making Robert Wherry a party defendant and by adding a count to her petition to quiet her title to the car as to Robert Wherry. The court will also include in its judgment cancellation of the two mortgages on the car given by Duncan to defendant bank. It is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.