59 So.2d 108

**G. F. C. CORPORATION v. ROLLINS.**

No. 40304.

March 24, 1952.

Rehearing Denied April 28, 1952.

Jones, Kimball & Everett, Lake Charles, for plaintiff-appellant.

Plauche & Stockwell, by Oliver P. Stockwell, Lake Charles, for defendant-appellee.

McCALEB, Justice.

Plaintiff, a Delaware Corporation, instituted this suit for enforcement of a chattel mortgage executed and recorded in the State of Missouri on a certain Ford automobile presently owned by defendant, a resident of Cameron Parish, Louisiana. Asserting that by virtue of the chattel mortgage it has a lien and privilege on the car, plaintiff obtained an order for its sequestration and was successful in having the writ maintained by the trial court over defendant's protest, together with recognition of the validity of the mortgage. Defendant appealed to the Court of Appeal for the First Circuit, where the judgment was reversed and plaintiff's demand rejected. See 50 So.2d 460. Thereafter, on plaintiff's application, we granted a writ of review.

The facts of the case are not in dispute. It appears that one Harry Kotteman, a Missouri used car dealer, purchased the Ford automobile involved from another Missouri dealer on June 1st, 1948 and obtained a title certificate thereon. On June 7th, Kotteman sold the car to Merit Motor Sales, also a Missouri dealer, and delivered to it a title certificate which bore his name as assignor. However, contrary to Mis-

souri law,[1] Kotteman's signature was not acknowledged nor was Merit Motor Sales inserted in the blank space of the certificate provided for the name of the assignee. On the date of its acquisition, Merit Motor Sales granted the disputed chattel mortgage to plaintiff but did not deliver to it the certificate of ownership. On the following day, Merit Motor Sales sold the car to Kribs Motor Company, an automobile dealer in the city of St. Louis, under the title certificate which it had obtained from Kotteman, executed in blank. On June 11th, the mortgage granted by Merit Motor Sales to plaintiff was recorded and, on the next day, Kribs Motor Company sold the automobile to Sulphur Motor Company, Inc. of Sulphur, Louisiana, delivering to the latter the same title certificate bearing the name of Kotteman, as assignor. Sulphur Motor Company, Inc. brought the car to Louisiana and sold it, on July 30th, 1948, to defendant, an innocent purchaser for valuable consideration.

Plaintiff, invoking the rule of comity sanctioned by this court in General Motors Acceptance Corporation v. Nuss, 195 La. 209, 196 So. 323, 328, pleads that the secured obligation is past due and unpaid and that the chattel mortgage is valid and enforceable in Missouri. Defendant attacks the legality of the chattel mortgage under Missouri law contending that it is void as to third persons because Merit Motor Sales did not have legal title at the time it mortgaged the vehicle and also because the existence of the mortgage was not thereafter noted on the title certificate. Moreover, defendant insists that, even if it be held that the mortgage is enforceable in Missouri, it is not entitled to recognition in Louisiana for the reason that plaintiff has failed to prove that it did not consent to, and was without knowledge of, the removal of the automobile to this State.

The Court of Appeal concluded that, under the statute law of Missouri as interpreted by the Supreme Court of that State,[2] Merit Motor Sales did not acquire sufficient title to enable it to grant plaintiff a valid mortgage on the automobile.

In argument and in brief in this Court, counsel for plaintiff challenge the correctness of the appellate court's conception of the Missouri jurisprudence, contending that the authorities, if properly construed, fully sustain the legality of the mortgage under the law of that state.

While a casual perusal of the Missouri cases considered by the Court of Ap-

---

1. Section 8382, Revised Statutes of Missouri for 1939, as amended by the Laws of 1947, pages 387, 388 and 389, R.S. 1949, §§ 301.190, 301.210, V.A.M.S.; Pearl v. Interstate Securities Company, 357 Mo. 160, 206 S.W.2d 975.

2. Pearl v. Interstate Securities Company, 357 Mo. 160, 206 S.W.2d 975 and Peper v. American Exchange National Bank of St. Louis, 357 Mo. 652, 210 S.W.2d 41.

peal leaves us with the impression that the views entertained by that Court are not erroneous, we find it unnecessary to decide finally whether the chattel mortgage would be enforceable in Missouri for, assuming that it is, plaintiff is not entitled to have it recognized in Louisiana as it has failed to establish that the automobile was removed to this State without its knowledge or consent. The decision in General Motors Acceptance Corporation v. Nuss, supra, in which this court adopted the majority rule that chattel mortgages, unrecorded in Louisiana but valid and enforceable in the states where executed, would be recognized against third persons in this State, when the mortgaged property had been removed here, was specifically limited to cases in which "* * * the foreign mortgagee did not know of or consent to the removal of the property." This condition upon the extension of comity to foreign chattel mortgages, unrecorded in the state into which the property may be taken, has been applied in a majority of the states, including Missouri, which support the rule. See annotation, 57 A.L.R. 702, 714–719 and 14 C.J.S., Chattel Mortgages, § 15, page 609.

■ Although plaintiff alleged that it did not consent and had no knowledge of the removal of the automobile to Louisiana, its counsel say that it was not required to prove the averment (which was denied) as it devolved upon defendant to establish its knowledge and absence of consent. We know of no reason why the burden should be placed on defendant and counsel cite no authority to sustain such a proposition. On the contrary, it strikes us that, since plaintiff is seeking to have Louisiana recognize and enforce an unrecorded foreign chattel mortgage against an innocent purchaser of the automobile, a plain duty rested upon it to prove that it was without knowledge that the car had been brought to Louisiana as it is only in such circumstances that it can be excused for its failure to comply with our laws of registry.

The judgment of the Court of Appeal is affirmed.

## On Application for Rehearing

PER CURIAM.

In the application for rehearing and in brief in support thereof, counsel for plaintiff urge error in the statement in the opinion of the Court concerning the rule of evidence which relates to the knowledge of the foreign mortgagee of the removal of the mortgaged automobile to the State of Louisiana and it is contended that the statement that the burden rested on the plaintiff to prove that it was without such knowledge is in direct conflict with the ruling in the recent case of Cobb v. Davidson, 219 La. 434, 53 So.2d 225, to the effect that the burden of proving the existence of such knowledge by a preponderance of the evidence is on the defendant.

The ruling, as made in the cited case, is not applicable to the case presently before us for the reason that in that case the ques-

tion of title, only, of the automobile, was involved whereas in this case, besides the title, there is also involved the question of an unrecorded foreign chattel mortgage. Moreover, albeit the opinion in the cited case contains a rather positive declaration to the effect that the burden of proving the existence of knowledge on the part of the seller, of the car's removal from the foreign State rested on the defendant, it appears from the statement itself that the burden was thus placed on the defendant because of the special circumstances of the case arising out of the provisions of Article 388 of the Code of Practice relating to actions in warranty. That is made clear by the Court's specific reference to that very Article.

For the reasons stated the rehearing applied for is refused.