64 So.2d 438

**NORTH LOUISIANA BUTANE GAS CO., Inc. v. HELM.**

No. 38937.

March 23, 1953.

Tooke & Tooke, Shreveport, for defendant-appellant.

Morgan, Baker & Skeels, Shreveport, for plaintiff-appellee.

LE BLANC, Justice.

Plaintiff, North Louisiana Butane Gas Company, Inc., filed this suit against de-

fendant, W. T. Helm, on April 1, 1947, alleging in its petition that it is engaged in the wholesale and retail butane gas business and that it owns a tract of land in Bossier City, Louisiana, upon which is located its place of business and its storage tank. The property was acquired by plaintiff on March 18, 1946; it is fully described in the petition and is shown to be completely surrounded by other property.

It had no outlet to any public road other than a road leading east to the Hamilton Road, which outlet is over and across the property of the defendant which is also fully described in the petition.

The petition further sets forth that the route over the defendant's property was the route that had been used theretofore, was the only route, the shortest and most convenient. It is further alleged that it is necessary for plaintiff to have this outlet as it has to have access to its storage tank and warehouse several times a day in servicing its customers and that without it, it would have to discontinue its business. It is then alleged that the defendant was threatening to erect a fence and was threatening to close the outlet completely; that this would work irreparable injury to plaintiff and it is without adequate remedy at law save the granting of a temporary restraining order and a preliminary injunction after hearing on a rule nisi.

Plaintiff prays for the granting of a temporary restraining order, a rule nisi for a preliminary injunction and finally for judgment on the merits to judicially grant it, subject to it paying defendant such sum as the Court might determine as damages, a right of way 30 feet in width over defendant's property to the Hamilton Road, to be located as near as possible along the present outlet heretofore used by it, or along such other route as the Court may determine.

The district judge granted the temporary restraining order prayed for and made the rule nisi returnable on April 10, 1947. In lieu of an answer, defendant tendered a motion to dissolve the temporary restraining order and requested that the motion stand as an answer to the rule. Over objection of counsel for plaintiff, the lower court permitted the motion to stand in lieu of an answer. The case then proceeded to trial on the rule with evidence being offered by both parties. On April 28, 1947, the trial judge handed down a written opinion and rendered judgment making the rule nisi absolute and temporarily enjoined the defendant from closing the outlet to the use of plaintiff. The issuance of this preliminary injunction was conditioned upon plaintiff posting bond in the amount of $2000.00, upon it keeping the outlet in repair during its use, and with the understanding that the right of use of the outlet was temporary, the permanent use to be decided on the merits of the case.

On May 14, 1947, defendant filed his answer in which he suggested a number of other possible routes which could be made

available to the plaintiff. He also attacked the restraining order and the preliminary writ of injunction which had been granted and asked for damages in the amount of $500.00 for the dissolution of the temporary restraining order, $100.00 per month beginning April 1, 1947 for every month that the plaintiff used the outlet, and in the alternative, in the event the right of passage be granted, that plaintiff be required to pay $6,198.70 for the damage he claimed would result to his property, plus $100.00 per month so long as plaintiff used the outlet.

The case was tried on its merits on May 28, 1947. On June 26, 1947, the district judge rendered an oral opinion in which he recalled the preliminary writ of injunction and denied plaintiff a permanent injunction. Plaintiff was awarded a right-of-passage twenty feet in width over the defendant's property until January 1, 1948, upon the payment of $750.00 as damages in compensation therefor. The parties were equally assessed with the costs. Judgment was read and signed on September 23, 1947.

Defendant brings this appeal in which he sets out error in the judgment of the district court in the following respects: (1) In having issued the temporary restraining order and the preliminary writ of injunction without conditioning same upon payment of compensation to defendant; (2) in having granted plaintiff a right of way under the proceedings undertaken herein, and (3) in having rejected his claim for damages.

Inasmuch as the judgment of the lower court recalled the preliminary writ of injunction, and inasmuch also as the said judgment granted the plaintiff merely a temporary right-of-passage over the defendant's property which by the terms of the judgment itself was to expire January 1, 1948 and for which plaintiff was obligated to pay $750.00 as damages in compensation therefor, it would seem that all questions in the case, save the demands for other damages, have now become moot. On the remaining issue, the one with regard to the damages claimed, this Court, sua sponte, raised the question of its appellate jurisdiction which, by the terms of art. 7, § 10 of the Constitution, applies in cases where the amount in dispute exceeds the sum of $2000.00.

In pressing his claim for damages, defendant, in his brief indicates that they consist of the $500.00 for attorney's fees, the sum of $6,196.70 as the value of the property taken; or, in the alternative, $900.00, being compensation at the rate of $100.00 a month from April 1, 1947, the date of issuance of the restraining order until January 1, 1948, the termination date of the temporary right of way awarded; or, in the final alternative, $700.00, being compensation at the rate of $100.00 for the period covered by the temporary restraining order and the preliminary writ of injunction, April 1, 1947, until September 23, 1947. This period, it is stated, was almost seven months but obviously this was a mis-

take as it actually covers less than six months. .

█ The damages of $6,196.70 asked for by defendant in his original alternative demand contained in his answer filed on May 14, 1947, was conditioned upon the court granting plaintiff a permanent injunction against defendant, or a permanent right of way or servitude across his land. It is made up of the value of the land used as a road and the costs expended for the building and upkeep of the road. As the permanent injunction was not granted and the temporary right of way was only granted upon compensation having to be paid as damages, and has long since expired, defendant's demand of $6,196.70 has also become moot and forms no part of the amount to be considered in fixing the jurisdiction of this court on appeal.

█ Defendant's main demand in his answer is for damages of $500.00 as attorney's fees for dissolution of the temporary restraining order and preliminary writ of injunction, and in the further sum of $100.00 a month, dating from April 1, 1947, and continuing so long as plaintiff continues to use the passage-way sought. Although the date on which the plaintiff actually discontinued its use of the road is not shown, it is manifest that by the judgment which granted it to him, his right of way definitely terminated January 1, 1948. From this we ascertain that the period of time involved is at most nine months. Damages of $500.00 as attorney's fees plus $100.00 a

month for nine months for use of the road, aggregate the sum of $1400.00 which is insufficient to vest this court with appellate jurisdiction. The case will therefore have to be transferred to the proper Court of Appeal. .

For the reasons stated it is ordered, in conformity with the provisions of LSA-R.S. 13:4441, 13:4442, that this case be transferred to the Court of Appeal, Second Circuit, within thirty days from the date this decree becomes final; otherwise the appeal to stand dismissed.