HARDY, Judge.
This is a suit originally instituted by plaintiff seeking a right of passage over lands of the defendant under the authority of Article 699 et seq. of the LSA-Civil Code, and further praying for a temporary restraining order, a rule nisi for a preliminary injunction, and judgment on the merits. Appeals were requested and allowed to both parties litigant, plaintiff and defendant, but only the defendant perfect *340 ed his appeal to the Supreme Court. The tribunal transferred the appeal to this court, North Louisiana Butane Gas Company, Inc. v. Helm, 222 La. 1081, 64 So.2d 438.
In the opinion ordering the appeal transferred the court set forth the details of the facts involved and the findings and judgment of the lower court, and therefore we do not deem it necessary to' 'here repeat. It suffices to say that the court determined that all questions presented by the appeal had become moot with the exception of defendant’s claims for damages in the sum of $500 in the nature of attorney’s fees, together with $100 per month for a period of nine months allegedly sustained by plaintiff’s use of the roadway ordered by the district court.
We therefore confine ourselves to a discussion of these items of damages.
It is observed that defendant did not insist upon a separate trial of his motion to dissolve but permitted the same to be consolidated with the hearing on the rule nisi, which resulted in issuance of a preliminary injunction. ' Under these circumstances we think it is clear that attorney’s fees are not allowable, Edwards v. Wiseman, 198 La. 382, 3 So.2d 661; Vinson v. Picolo, La.App., 15 So.2d 778; Hebert v. Hurwitz Mintz Furniture Co., La.App., 21 So.2d 638; G. F. C. Corp. v. Rollins, La.App., 50 So.2d 460.
On the issue of damages claimed for the use of the passageway at a rate of $100 per month from April 1, 1947 to January 1, 1948, we consider that this item was duly cared for by the judgment of the district court in which the sum of $750 was allowed defendant. Examination of the record and the testimony on this point fails to convince us that the district judge was guilty of any manifest error with respect to this allowance and, accordingly, it follows that the judgment should be affirmed. We further observe that the record is not convincing as to any specific period of time in which the use of the passageway resulted in damage.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
McINNIS, J., recused.