H. M. ANDERSON, RESPONDENT, v. ARNOLD-STRONG MOTOR CO., APPELLANT.—88 S. W. (2d) 419.

Kansas City Court of Appeals.   November 12, 1935.

*B. M. Lockwood* for respondent.

*Groves & Watkins* and *Fred M. Wanger* for appellant.

SHAIN, P. J.—This is an action for wrongful conversion of personal property brought by H. M. Anderson, as plaintiff, against Arnold-Strong Motor Company, defendant.

Trial was before the court, jury being waived, and the case was submitted upon an agreed statement of facts, the same, omitting exhibits and letters, is as follows:

"AGREED STATEMENT OF FACTS.

"It is agreed that on the 15th day of May, 1931, H. M. Anderson, plaintiff herein, owned and sold to Frank H. Martin, a Model 'A' Ford coupe, motor No. A-2495120, for the sum of three hundred dollars ($300), and received in payment therefor a check dated May 15, 1931, for the sum of $316.50, and represented that the money was in the bank to pay said check, the same representing the purchase price of the car together with the sum of $16.50 in cash paid by the said H. M. Anderson to the said Frank H. Martin.

"That on said 15th day of May, 1931, the said H. M. Anderson was the owner of a certificate of title to said automobile and at said time assigned and delivered said certificate of title in proper form to the said Frank H. Martin.

"That thereafter, and on the 16th day of May, 1931, the said H. M. Anderson attempted to cash said check for $316.50 issued by the said Frank H. Martin, at the Empire Trust Company, and the payment thereof was refused.

"That thereafter, the said Frank H. Martin issued a check to the said H. M. Anderson, dated May 20, 1931, for the sum of $316.50, whereupon, said H. M. Anderson delivered to the said Frank H. Martin said original check for the sum of $316.50; which said check was dishonored and never paid.

"That thereafter, and on the 19th day of May, 1931, said Frank H. Martin delivered said Model 'A' Ford coupe to the Arnold-Strong Motor Company, and informed the said Arnold-Strong Motor Company that he had purchased said automobile from said H. M. Anderson, and had surrendered the certificate of title thereto to the State License Department of the State of Missouri for the purpose of having certificate of title issued and transferred to the said Frank

H. Martin, and that when said certificate of title was received here by said Frank H. Martin from the office of the Secretary of State at Jefferson City, Missouri, he would endorse, assign, and deliver to said Arnold-Strong Motor Company the certificate of title to said automobile, and then and there agreed with said Arnold-Strong Motor Company that said Arnold-Strong Motor Company might hold said Model 'A' Ford coupe as security for and to guarantee the transfer of said motor vehicle to said Arnold-Strong Motor Company when the certificate of title was issued to the said Frank H. Martin, and that said Arnold-Strong Motor Company agreed with said Frank H. Martin that they would, when said certificate of title was properly endorsed to them, give the said Frank H. Martin credit upon one used Dodge automobile in the sum of three hundred seventy-five dollars ($375).

"That the said Frank H. Martin thereupon left said automobile with the Arnold-Strong Motor Company, and executed his note to the said Arnold-Strong Motor Company in the sum of $660.96 payable in monthly installments, being the balance of the purchase price of said Dodge motor car, after crediting thereupon the sum of $375 as allowance on said Ford automobile, and did pledge said Model 'A' Ford motor coupe to said Arnold-Strong Motor Company to secure the down payment on said Dodge autombile in the sum of three hundred seventy-five ($375), which said down payment was to apply and be finally credited upon the endorsement and delivery of the certificate of title when the same was issued by the Secretary of State to the said Frank H. Martin.

"That thereupon, the said Arnold-Strong Motor Company did deliver to the said Frank H. Martin said Dodge automobile and did retain possession of said Model 'A' Ford motor coupe.

"That thereafter, the said Frank H. Martin failed and refused to pay the balance of the purchase price due on said motor car, and in pursuance to the authority given to it by the said Frank H. Martin, and in pursuance to said pledge to said defendant, did sell said motor car for the sum of two hundred and seventy-five dollars ($275).

"That thereafter, and on the 21st day of May, 1931, the said H. M. Anderson, plaintiff herein, notified the said Arnold-Strong Motor Company that said Frank H. Martin had not paid the purchase price of said automobile and demanded that the said Arnold-Strong Motor Company return said automobile to the said H. M. Anderson, and that said demand of the said H. M. Anderson was thereupon refused.

"It is further agreed that the sale by said Arnold-Strong Motor Company of said Ford motor car for said sum of $275 was made on the 1st day of July, 1931.

"It is further stipulated and agreed that on the 18th day of May, 1931, the Secretary of State did issue to Frank H. Martin a certificate

of title to said Ford motor car, being certificate of title No. 3236024, and that thereafter, on or about the 5th day of June, 1931, the said Frank H. Martin executed an assignment of title on the reverse of said certificate of ownership to H. M. Anderson, but failed to acknowledge the same, and delivered the same to the plaintiff, the same being hereto attached and marked Exhibit 'A.'

"It is further stipulated and agreed that the value of said Model 'A' Ford coupe was $275.

"It is further stipulated and agreed that the note executed by the said Frank H. Martin to the said Arnold-Strong Motor Company in the sum of $660.96 was, after the execution thereof, sold by said Arnold-Strong Motor Company to the Morris Plan Company of St. Joseph, Missouri, and that said Morris Plan Company of St. Joseph, Missouri, did, on the 4th day of June, 1931, institute suit in the Circuit Court of Buchanan County, Missouri, and an action of replevin against the said Frank H. Martin, and did replevin from the said Frank H. Martin said Dodge sedan."

The court rendered judgment for the plaintiff giving final summary as follows:

"The court finds that defendant, Arnold-Strong Motor Company, a corporation, obtained no right, title, lien, or interest in said motor vehicle adverse to plaintiff by the delivery to it of said car by said Martin on May 19th, 1931, for the reason that no certificate of title accompanied said transfer and delivery of said motor vehicle, and said attempted transfer, pledge or sale of said motor vehicle by said Martin was ineffective, fraudulent and void under the Motor Vehicle Act of Missouri, Section 7774, R. S. Mo., 1929, and that the defendant on July 1st, 1931, wrongfully converted the same to its own use by selling and delivering said car to some party unknown without the knowledge and consent of plaintiff and that, therefore, plaintiff is entitled to recover from defendant the agreed value of said car, $275, with interest at the rate of six per cent per annum from the date of said wrongful conversion, July 1st, 1931."

From the judgment the defendant appealed.

But two assignments of error are presented for review, which are as follows:

"1. The court erred in refusing the declaration of law marked 'A,' the same being in the nature of a demurrer to the evidence, offered by appellant at the close of all of the evidence.

"2. The court erred in awarding judgment in favor of respondent upon the agreed statement of facts."

OPINION.

As the facts are agreed upon and as the trial was by the court, it becomes our duty to uphold the judgment if the court's summary, supra, is reasonably supported by the facts.

Future reference to the parties in interest will be plaintiff and defendant to conform to the status in the trial court.

When the plaintiff in this case received the check from Frank H. Martin and delivered the car in controversy to him, together with the certificate of title duly assigned, the full and complete title to said car vested in the said Martin.

As to the failure of consideration arising by reason of the worthless check, given by Martin to plaintiff, we conclude that, as between these two parties, the plaintiff was not only entitled to repossess the car but was also entitled to repossess the certificate of title unimpaired of any cloud by reason of the plaintiff having, under the circumstances in evidence, assigned same at time of delivery of same to Martin. However, if an innocent person for value purchased the car from Martin so as to be vested with the title, then after said purchase and said vesture the plaintiff herein could have no cause of action against the one who had so acquired the possession based upon said vesture of title.

This resolves the issue in this case to one question, to-wit: Did the defendant under the admitted state of fact become vested in the title to the car in question?

Section 7774, Revised Statutes of Missouri, 1929, is so clear and unequivocal as to the question as to hardly need court interpretation. However, our courts have given interpretation as follows:

"It is well settled that unless the certificate is assigned and passed to the buyer of the motor vehicle at the time of its delivery, the sale is absolutely void and no title to the vehicle passes." [State ex rel. v. Cox, 306 Mo. 537, 268 S. W. 87.]

As it stands admitted that the defendant never did receive a certificate of title to the car in issue, it follows that the alleged sale to defendant was fraudulent and void.

With the above conclusion there is but little more to be said. The defendant, who never at any time acquired title to the car in question, cannot much be concerned as to the method by which the plaintiff re-acquired title.

A photograph copy in evidence of the certificate of title issued to Martin by the Secretary of State shows upon its back an assignment of title from Martin to the plaintiff herein that is signed by Martin but not shown as sworn to by Martin.

We conclude that the above showing, as between Martin and plaintiff, reconveys the title to plaintiff. Certainly the defendant, who never had title, is in no position to complain.

The record herein is burdened with showing of facts of dealings between the defendant herein and Martin concerning another car and notes and chattels given concerning same. We conclude that these matters are entirely outside the issues presented in this case.

Judgment affirmed. All concur.