232 S.W.2d 807 (1950)
ROBINSON
v.
POOLE et al.
No. 27895.
St. Louis Court of Appeals. Missouri.
September 19, 1950.
*808 Robert V. Niedner and Niedner & Niedner, all of St. Charles, for appellants.
Hinkel & Carey and Joseph J. Becker, all of St. Louis, for respondent.
McCULLEN, Judge.
This action in replevin was begun by respondent as plaintiff in the Magistrate Court of the City of St. Louis on April 19, 1948, to recover from appellants as defendants a 1946 Chevrolet Sedan Automobile, Motor No. DAA-417103 alleged to be of the actual value of $1,500.00.
A writ of replevin was issued by the Magistrate Court and the automobile in question was delivered into the custody of plaintiff on April 28, 1948. The trial in the Magistrate Court resulted in a judgment in favor of defendants for possession of the property in question and one cent damages.
Plaintiff thereafter appealed to the Circuit Court of the City of St. Louis. On August 27, 1948, defendants filed an answer in the Circuit Court denying allegations of plaintiff's petition and alleging that they, defendants, have been deprived of the use of the automobile since April 16, 1948; that the automobile had depreciated in value, and praying that plaintiff's petition be dismassed with costs against plaintiff and that the court award to defendants damages for the loss of the use of said automobile and for depreciation of the value thereof and attorney's fees.
The cause was tried before the Circuit Court without a jury, a jury having been waived by the parties. The Circuit Court on July 22, 1949, entered a finding and judgment in favor of plaintiff for possession of the property in question and one cent damages and costs and also found against defendants on their counterclaim. After an unavailing motion for a new trial defendants appealed to this court. On February 27, 1950, defendants filed in this court, as appellants, their transcript of the record on appeal.
The cause was submitted in the trial court on an agreed statement of facts along with exhibits and some additional evidence. It appears from the agreed statement and the evidence that on Sunday, February 22, 1948, a person giving his name as Wayne Nelson offered to purchase from plaintiff the 1946 Chevrolet Sedan automobile involved in this suit. Plaintiff was the owner of said sedan, but was not a registered dealer in automobiles. Plaintiff delivered the automobile to Nelson and Nelson gave plaintiff a check dated February 24, 1948 (defendants' Exhibit I), for the purchase price of the automobile in the sum of $1,575.00. This check eventually proved to be of no value for the reason that Nelson had no account in the bank on which the check was drawn. At the time of said purchase plaintiff executed on the certificate of title of said automobile (defendants' Exhibit 2) an assignment thereof to Nelson. The Notary Public who took plaintiff's acknowledgment on the assignment on the date of the purchase, namely, February 22, 1948, dated it February 23, 1948. On Monday, February 23, 1948, Nelson appeared at the used car lot operated by defendants at Kingshighway and Natural Bridge Road in St. Louis with said automobile. Nelson offered to sell the automobile to a Mr. Fletcher, a used car dealer, for $1,100.00, but Nelson's offer was refused by Fletcher as being too high. At that time defendant, L. B. Poole, who also was present, negotiated with Nelson for the purchase of the automobile. Said Poole demanded to see Nelson's title and asked for an explanation of the fact that it was dated that day, February 23, 1948. Defendants offered to show at the trial Nelson's explanation for the purpose of proving Poole's good faith in purchasing the automobile. The court, however, denied their offer.
The evidence further shows that L. B. Poole at the time of the purchase gave Nelson $150.00 in cash and a check for $949.00, which represented the sale price of $1,100.00 *809 less $1.00 deducted for title expense. Said cash and check payments were shown by defendants' exhibits 3 and 4. Nelson then delivered to defendants the automobile in question and the certificate of title which he had obtained from plaintiff the day before. Nelson also executed a bill of sale to defendants and agreed that later he would return and execute the assignment on the new certificate that was to be issued in his name. On Tuesday, February 24, 1948, defendants made application to the Motor Vehicle Division of Missouri in Jefferson City for a certificate of title in the name of Wayne Nelson and on the following day, February 25, 1948, a certificate of title to Wayne Nelson was issued by the State. The bill of sale, as well as the application for the new certificate of title and the new certificate above mentioned were introduced in evidence as defendants' Exhibits 5, 6, and 7 respectively.
It appears that the new certificate of title was received by defendants through the mail but that Nelson never did return to execute on said certificate the assignment to defendants. Defendants offered to introduce in evidence testimony to show that between February 24 and April 19, 1948, defendants and plaintiff had discussed the situation in which they found themselves and that plaintiff admitted to defendants his fault and that he was to blame for the loss that had been sustained. Upon objection, this testimony was excluded by the court.
The transcript of the record shows that during the trial defendants introduced a deposition of H. M. Long of the Motor Vehicle Department of Missouri. This deposition was not read in evidence but was presented to the trial judge for him to read, both parties agreeing that it should be considered as having been read in evidence. Said deposition of H. M. Long does not appear in the transcript of the record before us. However, in defendants'-appellants' brief in this court appears the statement that the deposition of said witness indicated that the State makes exceptions to regular procedure in cases of this kind and recognizes the validity of the bills of sale of the type issued in this case. Said statement by defendants of the purport of Long's testimony in the deposition is challenged and disputed in the statement contained in plaintiff's-respondent's brief in this court wherein plaintiff declares that the deposition of H. M. Long did not indicate that the Motor Vehicle Department of the State would recognize bills of sale as an effective means of transfer of motor vehicles in cases similar to the case at bar.
Defendants contend that the general rule in replevin is that plaintiff must rely on the strength of his own title to the property in question and not upon some apparent weakness of defendants' title. A number of cases are cited to support this contention. Defendants argue in support of this contention that plaintiff who had assigned his title and did not own the automobile in question when the replevin suit was brought should not be permitted to recover in replevin upon an equitable right of rescission based on Nelson's fraud in issuing to plaintiff a bad check.
We are unable to agree with defendants' contention. It is conceded that defendants did not receive any certificate of title assigned to them by Nelson. From this admitted fact it necessarily follows under the statute, Section 8382(c), subsequently referred to herein, that defendants had no right or title to the automobile and, therefore, as between themselves and Nelson did not become "an innocent purchaser for value." Anderson v. Arnold-Strong Motor Co., 229 Mo.App. 1170, 88 S.W.2d 419. As for Nelson, plaintiff could have repossessed the automobile from him under the authority of Anderson v. Arnold-Strong Motor Co., supra, and Pearl v. Interstate Securities Co., 357 Mo. 160, 206 S.W.2d 975.
In the Anderson case, supra, it was held that the buyer of a motor vehicle acquires no title unless a certificate of title is assigned and passed to him at the time of the delivery of the motor vehicle. The decision in said case was based squarely upon the statute which was then Section 7774, R.S.Mo.1929. Said statute with a few slight changes that have no bearing on the case at bar is now Section 8382(c) R.S.Mo. *810 1939, Mo.R.S.A. § 8382(c). At the time of the decision in the Anderson case, supra, said statute provided as follows: "In the event of a sale or transfer of ownership of a motor vehicle or trailer for which a certificate of ownership has been issued the holder of such certificate shall endorse on the same an assignment thereof, with warranty of title in form printed thereon, and prescribed by the commissioner, with a statement of all liens or encumbrances on said motor vehicle or trailer, and deliver the same to the buyer at the time of the delivery to him of said motor vehicle or trailer. The buyer shall then present such certificate, assigned as aforesaid, to the commissioner, at the time of making application for the registration of such motor vehicle or trailer, whereupon a new certificate of ownership shall be issued to the buyer, the fee therefor being $1.00. * * * It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless, at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void." (Emphasis ours.)
In said Anderson case the evidence showed that plaintiff therein, the original seller of the automobile, delivered a certificate of title duly assigned to a second party who gave him a bad check in payment for the automobile. Said second party attempted to sell the automobile to a third party but did not deliver and assign a certificate of title to the third party, who was the defendant in the case. The court held that plaintiff therein, the original seller, could have recovered the automobile from the party who had given him a bad check and court have compelled the return of the certificate of title unimpaired by any cloud or lien. The court also held that if the automobile had been sold by the second party to an innocent third party for value that plaintiff, the original seller, could not have recovered from said innocent third party but that inasmuch as the second party, namely, the person who had given the bad check, failed to assign and deliver a certificate of title to the third party, the title to the automobile in question did not become vested in the third party and the alleged sale to the third party was, under the statute, absolutely void and that no title to the vehicle passed. In reaching this conclusion the court said: "Section 7774, R.S.Mo.1929 (Mo.St.Ann. § 7774, p. 5193), is so clear and unequivocal as to the question as to hardly need court interpretation. However, our courts have given interpretation as follows: 'It is well settled that unless the certificate is assigned and passed to the buyer of the motor vehicle at the time of its delivery the sale is absolutely void and no title to the vehicle passes State ex rel. [Conn. Fire Ins. Co.] v. Cox, 306 Mo. 537, 268 S.W. 87, 37 A.L.R. 1456." (Emphasis ours.) Anderson v. Arnold-Strong Motor Co., 229 Mo.App. 1170, 1174, 88 S.W.2d 419, 421.
The facts in the Anderson case, supra, are identical with those in the case at bar with one slight exception that has no bearing on the result in this case. In the Anderson case after the second party had dealt with the third party, the second party attempted to reassign the title to the original seller, namely, plaintiff in the case. However, the court held that the third party, who had never received any title whatsoever, was in no position to complain about the reassignment. The court concluded that part of its opinion by saying: "As it stands admitted that the defendant never did receive a certificate of title to the car in issue, it follows that the alleged sale to defendant was fraudulent and void." Anderson v. Arnold-Strong Motor Co., 229 Mo.App. 1170, 1174, 88 S.W.2d 419, 421, 422.
Defendants concede that one who has a special interest in an automobile may maintain a replevin suit against a mere trespasser, but they argue that such a person cannot maintain such a suit against an innocent purchaser for value. Defendants claim they are in the position of innocent purchasers. In connection with this contention they also contend that a loss falling on one of two innocent persons must *811 be suffered by the person whose carelessness or trustfulness brought about the loss. The cases cited by defendants to support these contentions are not applicable to the facts in the case at bar because defendants have admitted that they did not receive from Nelson an assigned certificate of title. Defendants, therefore, cannot in the face of the positive language of the statute, Section 8382, supra, claim to be "innocent purchasers." By their failure to comply with the requirements of the statute, supra, they placed themselves outside the protection of the principle which they invoke as applicable to "innocent purchasers." The alleged sale to defendants by Nelson having been conducted in violation of the statute, no title passed and such alleged sale was absolutely void, not because of any court's reasoning, but because the statute, supra, plainly makes it void.
To reach any other conclusion than the one we have reached would be contrary to the decisions of our courts in State ex rel. Connecticut Fire Ins. Co. of Hartford, Conn., v. Cox, 306 Mo. 537, 268 S.W. 87, 37 A.L.R. 1456; Pearl v. Interstate Securities Co., 357 Mo. 160, 206 S.W.2d 975; Peper v. American Exchange National Bank in St. Louis, 357 Mo. 652, 210 S.W.2d 41, as well as contrary to the plain, positive and unequivocal language of the statute, Section 8382, supra.
It is true, as defendants argue, that in replevin a plaintiff must recover on the strength of his own title and not on the weakness of a defendant's claim. However, our courts have held that where a plaintiff in a replevin suit establishes a "special interest" in the subject matter, although he does not have actual legal title to the property in question, he may recover possession from one who has no title or right if he can show that he has a special property or interest which gives him the right to the possession of the property in question. In Pearl v. Interstate Securities Company, our Supreme Court said: "It is true that recovery in either replevin or conversion depends on the strength of plaintiff's own claim and not on the weakness of defendant's. However, as held in Rankin v. Wyatt, 335 Mo. 628, 73 S.W.2d loc. cit. 764, 94 A.L.R. 941, `the fact that a third person (in this case the original owners) may have some interest in the property will not preclude replevin by one having the right to possession as against the defendant sued.' Therefore, even though plaintiff did not have the legal title, he could recover from one without any right if he could show that he had a special property or interest in the cars which gave him the right to the possession thereof." Pearl v. Interstate Securities Co., 357 Mo. 160, 164, 206 S.W.2d 975, 978.
We are of the opinion that under the law and the evidence in the case at bar plaintiff established a "special property right" in the automobile in question which gave him a right to possession superior to that of defendants, whose only claim is based upon an alleged sale to them which was unlawful and void.
Defendants contend that their proffered evidence showing that plaintiff admitted that he was at fault and was to blame for the loss sustained because he delivered the automobile and title to Nelson for a worthless check was erroneously excluded by the court. This case was tried by the court without a jury. Therefore, it cannot be said that the exclusion of evidence improperly influenced the result as might be said in a case tried before a jury. The trial judge had the offer of the evidence made by defendants before him. He considered it and rejected it. It cannot, therefore, be said that he, as trier of the facts, was deprived of an opportunity to know what the proffered evidence was as would be the case in a jury trial where proffered evidence is excluded. Furthermore, the proffered evidence was not evidence of any fact. It related to a mere immaterial conclusion in view of defendants' admission that they did not comply with Section 8382(c), supra, in purchasing the automobile. Plaintiff's alleged statement that he was to blame for the loss, even if we assume that he made such a statement, was incompetent and immaterial, particularly in this kind of an action where the determining issue is not who was to blame for the loss but who was entitled to possession of the automobile.
*812 Counsel for defendants present strong arguments for a reversal of the judgment herein, but we are unable to agree with their view because the statute, Section 8382(c), makes that view untenable. It must be remembered that defendants failed to comply with the statute, supra, which required them to see to it that they received a duly assigned certificate of title from Nelson. Said statute was enacted by the State in strong, unequivocal language as a drastic police measure to protect all members of the public against just such a fraudulent transaction as defendants, by their failure to comply with the statute's provisions, permitted to happen. The requirement that a sale of a motor vehicle registered in this state must be accompanied by an assignment of the certificate of ownership is absolute and mandatory because the statute provides that any such sale without such assignment is "fraudulent and void." Compliance with the statutes protects not only the parties to a particular sale or transfer but also protects the public generally by enabling the State to keep an up to date registry of all automobiles registered in this State and their ownership, thereby making traffic in stolen automobiles as difficult as possible.
We find no reversible error in the record and the judgment of the trial court should be affirmed. It is so ordered.
ANDERSON, P. J. and HUGHES, J., concur.