INLAND DISCOUNT CORPORATION, a Corporation (Plaintiff), Respondent,

v.

ST. LOUIS AUTO AUCTION BARN, a Corporation (Defendant), Appellant.

No. 29734.

St. Louis Court of Appeals.

Missouri.

June 4, 1957.

Richard M. Stout and Philip M. Sestric, St. Louis, for appellant.

Murray Steinberg and Richard Marx, St. Louis, for respondent.

MATTHES, Judge.

This action in replevin for possession of a 1951 Chevrolet sedan automobile originated in the Magistrate Court of St. Louis County, Missouri. On appeal the Circuit Court of St. Louis County, Missouri, found that plaintiff was entitled to the possession of the automobile, or in lieu thereof the sum of $600, the value thereof, and one cent as damages. Defendant has appealed.

The statement and affidavit in replevin filed in the magistrate court is conventional in form. Defendant did not file a responsive pleading. The cause was submitted in the magistrate court, and again in the circuit court, upon an agreed stipulation of facts. From this stipulation it appears that one Ralph Gray became the owner of the automobile in question on or about the 11th day of February, 1955; on the 1st day of March, 1955, Gray delivered the automobile to defendant's place of business and requested the defendant "to run said automobile through its public auction"; that the automobile was sold at public auction to one S. H. Page for $487.50; that Page gave his check to the defendant for that amount, and Gray executed and delivered certificate of title to Page, the purchaser. It further appears that on the 5th of March, 1955, Page executed an Illinois chattel mortgage whereby the automobile was conveyed to the plaintiff to secure a loan for $582.48. Simultaneously Page delivered the certificate of title to the automobile to plaintiff. Thereafter, and on the 8th of March, 1955, the check delivered by Page to defendant was returned by the bank upon which it was drawn because of insufficient funds. It further appears that at all times subsequent to the sale and prior to the institution of this action defendant

retained possession of the automobile. Page defaulted in the payment of the note secured by the chattel mortgage. This brought a demand by plaintiff for possession of the automobile and in time precipitated the filing of this proceeding.

Defendant's first point is that the transaction whereby Page purchased the automobile was not only insufficient to constitute a valid sale thereof, but in fact was fraudulent and void. This contention is based solely on the proposition that there was a failure of consideration arising by reason of Page giving a worthless check. Since it is clear that the validity of the sale is unchallenged for other reasons, and is attacked solely on the ground stated, we shall view the transaction in light of the point presented. It obviously follows, of course, that if the sale to Page was fraudulent and void, the chattel mortgage which is the basis for plaintiff's claim to possession could not constitute a valid, effective, and enforceable conveyance.

■■ In support of its theory defendant emphasizes and relies upon Hickerson v. Con Frazier Buick Co., Mo.App., 264 S.W. 2d 29; Commercial Credit Co. v. Interstate Securities Co., Mo.App., 197 S.W.2d 1000; and Pearl v. Interstate Securities Co., 357 Mo. 160, 206 S.W.2d 975. Conceding, as defendant urges, that the instant transaction involved a cash sale as was the situation in Hickerson v. Con Frazier Buick Co., supra, we are not at all persuaded that the Hickerson case is decisive and sustains defendant's theory. That case is distinguishable because of these factual differences: First, it involved a contest between the former owner or seller of the automobile and the estate of the deceased purchaser. Herein an auction company possessing no ownership or special interest in the automobile is seeking to have the transaction declared fraudulent and void because the check it saw fit to accept from the purchaser was of no value. Neither the seller, Gray, nor the purchaser, Page, is a party to this action, and nothing appears to indicate that either

is interested in vitiating the sale of the automobile and having the transaction declared fraudulent and void. Secondly, in the Hickerson case the court was dealing with the sale of a new automobile, and Section 301.200 RSMo 1949, V.A.M.S., which controls sales of new automobiles by dealers, does not apply to a used automobile, the sale or transfer of which is governed by Section 301.120 RSMo 1949, V.A.M.S. Mallory Motor Co. v. Overall, Mo.App., 279 S.W. 2d 532.

An analysis of the stipulation upon which the case was submitted discloses these salient facts: (1) Ralph Gray acquired title to the automobile upon purchase thereof; (2) at the time of the purchase of the vehicle by Page at the auction sale, Gray properly assigned and delivered the title to Page. Section 301.210, supra, provides that, "In the event of a sale or transfer of ownership of a motor vehicle * * * for which a certificate of ownership has been issued the holder of such certificate shall endorse on the same an assignment thereof * * * and deliver the same to the buyer at the time of the delivery to him of said motor vehicle * * *." The fourth subdivision of that section declares that the sale of a motor vehicle shall be "fraudulent and void" only when there is no assignment of the certificate of ownership at the time of the delivery of the automobile.

The case of Anderson v. Arnold-Strong Motor Co., 229 Mo.App. 1170, 88 S.W.2d 419, throws some light upon the question under consideration. Therein plaintiff sought damages for wrongful conversion of a motor vehicle. The facts were that plaintiff sold an automobile to one Martin and assigned and delivered certificate of title to him. Martin gave plaintiff a check in payment of the consideration which proved to be worthless. In time defendant acquired the automobile from Martin and later sold it to another party. In considering the case the court stated that because of the failure of consideration arising by reason of the worthless check plaintiff could have repossessed the automobile and

the certificate of title from Martin, but observed that "if an innocent person for value purchased the car from Martin so as to be vested with the title, then after said purchase and said vesture the plaintiff herein could have no cause of action against the one who had so acquired the possession based upon said vesture of title", 88 S.W.2d loc cit. 421. This court, in Robinson v. Poole, Mo.App., 232 S.W. 2d 807, recognized and followed the court's pronouncement in the Anderson case. We do not view and understand the rule as announced in the Anderson case to mean that a sale of a motor vehicle, even as between the seller and buyer, is *fraudulent and void* simply and solely because the consideration fails. Because if such was the case, then an innocent third person could acquire no title to the motor vehicle. And we have been cited to no authority, and independent research has disclosed none, upon which we may predicate a ruling that a sale of a motor vehicle is fraudulent and void where, as here, the certificate of title was properly assigned and delivered to the purchaser, and the transaction is later attacked, by one who is not shown by the facts presented to have any interest in the motor vehicle, on the sole ground that there was a failure of consideration.

We have also carefully considered Commercial Credit Co. v. Interstate Securities Co., supra, and Pearl v. Interstate Securities Co., supra. The proof in those cases was so patently different from the instant factual situation that they do not control the question before us.

■ No contention is made bringing the validity of the chattel mortgage into question, and since it appears undisputed that default was made in the payment of the indebtedness secured thereby, it necessarily follows that plaintiff was entitled to possession of the automobile unless we sustain defendant's second point to which we turn our consideration.

The contention is made that should we hold the sale valid defendant was entitled to a lien upon the automobile for the amount advanced by it for its commission or fee for services rendered in acting as auctioneer. It is asserted that the existence of such lien entitled defendant to retain possession of the automobile, or that the court should have adjusted the equities between the parties by determining the amount due defendant, rendering judgment therefor and subjecting the automobile to a lien. Plaintiff meets these assignments with the assertion that on the proof presented there is no basis in law or fact for holding that the automobile was subject to a lien in defendant's favor.

Notwithstanding defendant's earnest request that we determine the status of an auctioneer with respect to his right to a lien upon the property in his possession to satisfy his legal claims, we are driven to the conclusion that any ruling which we might undertake upon that proposition would constitute mere dictum. This is so because, as we shall presently demonstrate, the record is completely barren of the basic element essential to establishing a lien, be it in favor of an auctioneer, vendor, materialman, or mechanic. Defendant has briefed the case on the theory that it made an advancement of $487.50, and is entitled to a lien for that amount, or that in any event it should have a lien for its commission. The fatal weakness of this argument becomes apparent upon an analysis of the agreed statement of facts upon which the case was submitted and adjudicated. The stipulation fails to establish that defendant has suffered or sustained any loss by reason of its dealings with Page. The agreed facts do not disclose that defendant accounted to or settled with Gray for $487.50 or any portion thereof. Nor does careful scrutiny of the record reveal or cast any light upon the amount of the commission or charge, if any, due defendant for services rendered by it in connection with the transaction. Defendant was content to rest its case, factually, on a mere showing that Page's check was worthless, and that it retained possession

of the vehicle. From this meager proof we are asked to declare the motor vehicle subject to a lien for $487.50, or for an amount sufficient to compensate the defendant. To declare a lien for any amount would require speculation, conjecture, or guesswork on our part. In this we will not indulge.

Finding that the trial court properly disposed of the case as submitted, we conclude that the judgment should be affirmed. It is so ordered.

RUDDY, P. J., and ANDERSON, J., concur.