**Raymond L. SKATES d/b/a Avtek Camper Center, Appellant,**

**v.**

**Jacob J. LIPPERT and Anna Lippert, husband and wife, and First State Bank of Union, Respondents.**

**Jacob J. LIPPERT and Anna Lippert, husband and wife, Respondents,**

**v.**

**BALLWIN MOTORS, INC., a Missouri Corporation, d/b/a Northgate Volkswagen, Appellant.**

**Nos. 40847, 40848.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 26, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1980.

(4) The conduct of the parties during the marriage." § 452.330 RSMo (Supp. 1973)

Thomas L. Kelly, Ballwin, for appellant.

Gael D. Wood, Washington, Thomas J. Briegel, Union, for respondents.

DOWD, Presiding Judge.

The parties' dispute arises from conflicting claims of right to possession of a motor home.

At the time of the events underlying this action, appellant Skates was in the business of selling motor vehicles, doing business as Avtek Camper Center. In the course of business, Skates purchased a 1973 Concord Motor Home having an Illinois title registration. Title to the motor home was assigned to Avtek Camper Center.

Thereafter, when Skates' employee notified Skates he had a potential buyer for the motor home outside the St. Louis area, Skates transferred possession of the motor home to the employee. Additionally, Skates transferred the certificate of title to the employee after partially completing the section of the title form for re-assignment of title. Skates did not complete the section of the form identifying his assignee nor did he or any employee sign as the authorized agent of the assignor. However, Skates did type his firm name and dealer number on the form and notarized the form.

Skates' employee completed the form, writing that the transferee of the title was Tom Dudley Camper Center and signed "G.

Avtek" as the agent of the transferor. The employee then sold the motor home to Northgate Volkswagen, owned by Ballwin Motors, Inc. The Lipperts thereafter purchased the motor home.

Skates sued Ballwin Motors, Inc. and the Lipperts for money damages and replevin. The Lipperts third party claimed against Ballwin Motors, Inc. for breach of warranty of title to personalty. After trial, the lower court entered judgments against Skates and for the Lipperts against Ballwin Motors, Inc. The trial court did not file findings of fact and conclusions of law.

Ballwin Motors, Inc. appeals from the Lipperts' judgment against it upon the third party claim. Skates appeals from the adverse judgment against him upon his claims against Ballwin Motors, Inc. and the Lipperts. We reverse the former action of the trial court and affirm the latter action.

In the appeal from the judgment against Skates on his claim against the Lipperts and Ballwin Motors, Inc., Skates argues he introduced sufficient evidence to support his action for replevin by proving a superior right of possession or ownership. Neither the Lipperts nor Ballwin Motors, Inc. briefed the opposing view.

The general rule in Missouri is that a certificate of title is not the *sine qua non* of ownership but only *prima facie* evidence of ownership capable of being rebutted by other evidence. *Horton v. State Farm Fire & Cas. Co.*, 550 S.W.2d 806, 809[1] (Mo.App.1977); *Case v. Universal Underwriters Ins. Co.*, 534 S.W.2d 635, 639[4] (Mo.App.1976). Strict technical compliance with the statute relating to the transfer of title to automobiles, § 301.210 RSMo 1969, is required, otherwise the sale is fraudulent and void even as to a good faith purchaser. *Allstate Ins. Co. v. Northwestern Nat. Ins. Co.*, 581 S.W.2d 596, 601–02[5] (Mo.App.1979); *Horton v. State Farm Fire & Cas. Co., supra* at [2–3]; *see, Greer v. Zurich Ins. Co.*, 441 S.W.2d 15, 23–26 (Mo.1969).

Nonetheless, the cases cited by Skates or disclosed by our research which hold the certificate of title by which the purchasers claimed ownership void for non-compliance with Section 301.210, *supra*, involved defects which should reasonably have alerted the purchasers to a potential problem. Such cases have involved: (1) purchases in which the space for the assignee of title was blank when the vehicle was purchased or a variance existed between the last assignee of title and the person from whom the vehicle was being purchased, *Pearl v. Interstate Securities*, 357 Mo. 160, 206 S.W.2d 975, 977[2, 5] (1947); *Allstate Ins. Co. v. Northwestern Nat. Ins. Co., supra; Case v. Universal Underwriters Ins. Co., supra; Robinson v. Poole*, 232 S.W.2d 807, 809–11[1] (Mo.App.1950); *Fawley v. Bailey*, 512 S.W.2d 477 (Mo.App.1974); (2) purchases in which the parties agreed to postpone transfer of title or in which no title certificate was tendered at the time of transfer of possession, *Greer v. Zurich Ins. Co., supra; Case v. Universal Underwriters Ins. Co., supra; Public Finance Corp. v. Shemwell*, 345 S.W.2d 494, 497[2] (Mo.App.1961); *Craig v. Rueseler Motor Co.*, 159 S.W.2d 374, 378[3–8] (Mo.App.1942); *Evens v. Home Ins. Co.*, 82 S.W.2d 111, 115–16[1] (Mo.App.1935); *Isaacson v. Van Gundy*, 48 S.W.2d 208 (Mo.App.1930); (3) purchases in which an assignee's signature was not acknowledged. *Peper v. American Exchange Nat. Bank*, 357 Mo. 652, 210 S.W.2d 41 (Mo.1948); *Pearl v. Interstate Securities, supra*; (4) purchases in which a variance existed between the vehicle identification number on the certificate of title and on the vehicle, *Horton v. State Farm Fire & Cas. Co., supra; Craig v. Rueseler, supra* at [2]; *Robertson v. Snider*, 63 S.W.2d 508 (Mo.App.1933).

We believe the facts in the instant case place the case within the exception to the above-stated general rule holding the innocent purchaser[1] obtains a void title.

---

1. We disagree with Skates' contention the purchasers were not innocent because the signatures found in the dealer reassignments were not the name of the dealership or did not indicate agency. The signatures were on a section of the form for use by agents. Additionally,

*See, Counts v. Metzger,* 228 S.W.2d 395 (Mo.App.1950). The transfer of title is not void if the original owner of the vehicle clothed the wrongdoer with apparent authority to transfer title. *Counts v. Metzger, supra.* By partially completing the dealer's reassignment of title, notarizing the assignment in blank, and transferring possession of the motor home and certificate of title to his employee, Skates clothed his employee with apparent authority to transfer title. The trial court's judgment against Skates is affirmed.

In the appeal from the judgment against Ballwin Motors, Inc. on the Lipperts' third party claim against it, Ballwin Motors, Inc. argues the Lipperts cannot recover because the implied warranty of title by Ballwin Motors, Inc. did not include a promise to defend against unjustified claims and because a portion of the attorney's fees claimed were incurred in prosecuting the third party claim rather than in defending the original action. The Lipperts respond that the warranty of title includes a warranty of quiet possession and that they properly recovered attorney's fees for the defense of the action against them by Skates as incidental or consequential damages.

The second prong of the attack upon the Lipperts' award contends the Lipperts' attorney did not apportion his charges between the defense of the original action and the prosecution of the third party claim. The award of $2000 was based upon testimony by the Lipperts' attorney that he had spent 36 hours on the case prior to trial, 4 hours in trial, and charged $50 per hour. The attorney did not identify what percentage of the time spent was devoted to defending the Skates claim as opposed to prosecuting the claim against Ballwin Motors, Inc. As conceded in the Lipperts' brief, recovery for prosecuting the third party claim would not have been proper.

■ Clearly, if the Lipperts had unsuccessfully defended their title to the motor home, damages for the breach of warranty of title would include their defense litigation expenses. *Universal C.I.T. Credit Corp. v. State Farm Mut. Auto Ins. Co.,* 493 S.W.2d 385, 391[6] (Mo.App.1973). The law is not clear, however, as to whether the warranty of title would secure a buyer against unjustified claims. The common law did not imply a warranty by the seller of personalty that the buyer should enjoy the property forever, free from all unjust or illegal interference. 67 Am.Jur.2d *Sales* § 480 (1973); *See, Clark v. People's Collateral Loan Co.,* 46 Mo.App. 248, 253–54[2] (1891) (a vendor is not liable for a breach of implied warranty of title unless his vendee has surrendered the chattel to one having a paramount title). Although not so specified by U.C.C. provision, comments to the U.C.C. indicate disturbance of quiet possession "is one way, among many, in which the breach of warranty of title may be established." § 400.2–312, Comment 1, *construed in Ricklefs v. Clemens,* 216 Kan. 128, 531 P.2d 94 (Kan.1975); *American Container Corp. v. Hanley Trucking Corp.,* 111 N.J.Super. 322, 268 A.2d 313 (1970).[2]

the evidence before the trial court would not compel the conclusion Northgate Volkswagen knew or should have known Skates' employee was not a dealer because the employee gave a false dealer number to Northgate Volkswagen. The evidence was that lists of dealer numbers are not kept. Finally, Northgate Volkswagen's claimed fraudulent intent was not proved by evidence it changed the vehicle identification number and backdated transfer date to the Lipperts. The evidence was that the State required the change of vehicle identification number and that the transfer to the Lipperts was backdated to the date a deal was made as a matter of general office policy in all instances.

2. *Ricklefs v. Clemens, supra* and *American Container Corp. v. Hanley, supra,* contain language favorable to the Lipperts' position but consider different issues than and are factually distinguishable from the instant case. The first cited case concerns the question whether damages equal to the value of the vehicle shall be measured at the time the buyer learned of the cloud upon his title or at the time the court rendered judgment of replevin against the buyer. The second cited case raises the question whether the buyer could rescind the title. In both of the cited cases, the buyer did lose possession of the vehicle, either by replevin, *Ricklefs v. Clemens, supra,* or by rescission, *American Container Corp. v. Hanley Trucking Corp., supra.*

We prefer to resort to the logic of the common law under the facts presented and choose not to construe the warranty of title as protecting a buyer of personalty from unwarranted interference. Our decision makes unnecessary any consideration of the second prong of the attack upon the Lipperts' award.

The judgment against Skates upon his claim against Ballwin Motors, Inc. and the Lipperts is affirmed. The judgment for the Lipperts against Ballwin Motors, is reversed.

CRIST and REINHARD, JJ., concur.