**Milagros M. TINGER, Respondent,**

v.

**Michael J. TINGER, Appellant.**

No. 49986.

Missouri Court of Appeals,
Eastern District,
Division One.

April 8, 1986.

E. Darrell Davis, St. Charles, for appellant.

Donald Gunn, Jr., Sharon R. Wice, St. Louis, for respondent.

SNYDER, Judge.

The husband appeals from the decree dissolving his marriage of twenty-one years. He challenges the trial court's division of marital property, alleging that the court abused its discretion in ordering a disproportionate marital property distribution based on husband's marital misconduct. He also charges the trial court erred in finding that a 1984 Honda Civic automobile was the property of the minor child of the parties and awarding the automobile to the child. The judgment is affirmed in part and reversed and remanded in part.

The parties were married in 1963 and had one child, a daughter, born on July 31, 1964, who was still a minor when the decree dissolving the parties' marriage was rendered on March 11, 1985. Both parties worked full time during their marriage and were employed at the time of the dissolution hearing.

The trial court placed the custody of the minor child with wife, ordered husband to pay wife $92.50 per week for child support, determined the total value of marital prop-

erty to be approximately one quarter of a million dollars and divided the marital property 65% to wife and 35% to husband after finding husband guilty of marital misconduct. The court also awarded the 1984 Honda Civic automobile, valued at $10,000 and titled in the names of the husband and wife, to the parties' minor child.

In the husband's first point, he contends that the trial court abused its discretion when it disproportionately divided the marital property in wife's favor because of husband's marital misconduct. There was substantial evidence to support the trial court's judgment. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). An extended opinion would be of no precedential value. The portion of the judgment dividing the marital property is affirmed in compliance with Rule 84.16(b).

The husband next asserts the trial court erred in awarding the 1984 Honda Civic automobile to the parties' minor child. Both parties testified that the Honda was purchased for their daughter, was in her possession, and was used by her. The trial court found the automobile, although titled in the names of both husband and wife, to be the daughter's sole property instead of marital property, and awarded the automobile to the daughter. Husband correctly claims the car, as marital property, should have been divided in a just and fair manner between the husband and wife.

The general rule in Missouri is that a certificate of title to a motor vehicle is not conclusive proof of ownership, but only *prima facie* evidence of ownership, capable of being rebutted by other evidence. *Skates v. Lippert*, 595 S.W.2d 22, 24[1] (Mo.App.1979). However, strict technical compliance with Sec. 301.210.1 RSMo. Supp.1984, the statute relating to the transfer of title to automobiles, is required. *Id.* Pg. 24[1, 2].

The title, being in the names of the husband and wife, establishes that the car was marital property. As marital property, the automobile was subject to division between the husband and wife. That the daughter was using the automobile for her personal use, and had possession, does not call for a different disposition. *See Carter v. Carter*, 616 S.W.2d 543, 545[3] (Mo.App. 1981). It was error to find that the automobile was not marital property and to award it to the daughter.

It is true, as the wife maintains, citing *In Re Marriage of Goodding*, 677 S.W.2d 332, 339[8] (Mo.App.1984), that trial courts have broad powers under Sec. 452.330 RSMo. Cum.Supp.1984 to divide and distribute marital property.

The cases which refer to the courts having broad powers to divide marital property, either between the spouses or with third persons, do not, however, deal with titled automobiles. In fact there are no third persons involved in *Goodding, supra,* or in *Wilhoit v. Wilhoit*, 599 S.W.2d 74, 80 (Mo. App.1980), cited by *Goodding* as authority for the third person inclusion.

The judgment as it affects the Honda automobile is reversed and remanded for whatever division and distribution of the automobile the trial court deems equitable.

In all other respects the judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.