**BYRNE FUND MANAGEMENT, INC.,**
Plaintiff/Respondent/Cross–
Appellant,

v.

**JIM LYNCH CADILLAC, INC.,**
Defendant/Respondent,

and

**Keith Herrmann and Suzanne Herrmann,**
Defendants/Appellants/Cross–
Respondents.

No. 68172.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 21, 1996.

Rex M. Burlison, O'Fallon, for appellants/cross-respondents Herrmann.

Kreuter & Gordon, P.C., David O. Kreuter, Michael A. Gordon, Clayton, for respondent Jim Lynch Cadillac.

Barry and Associates, P.C., James T. Barry, Jr., Gregory F. Herkert, St. Louis, for respondent/cross-appellant.

GERALD M. SMITH, Presiding Judge.

Both plaintiff and defendants Herrmann appeal from a judgment in this action involving the ownership of a 1987 Cadillac Allante. We affirm in part and reverse and remand in part.

The Herrmanns, mother and son, were affiliated with a Robert Smith, now deceased, in the business of selling automobiles. Smith was a licensed car dealer. The Herrmanns would provide Smith with money to purchase automobiles which Smith would then sell and split the profit with the Herrmanns. Smith conducted business under the name A–Autobahn Motors. On July 19, 1989, Jim Lynch Cadillac, Inc. sold the Allante to Smith for $26,500 which had been provided by the Herrmanns. On April 25, 1990, Smith sold the automobile to B. Link Auto Sales. Smith and the Herrmanns had had a rift and on April 27, 1990 the Herrmanns obtained a temporary restraining order from the St. Charles County Circuit Court prohibiting the sale, transfer, or incumbrance of the Allante by Smith or anyone having knowledge of the restraining order. The temporary restraining order was converted into a temporary injunction on May 14, 1990.

On May 10, 1990, Link applied to the Missouri Department of Revenue for transfer of title to the Allante to his business and on May 15 the department issued a certificate of title for the Allante to B. Link Auto Sales. On May 14, the Herrmanns mailed a copy of the restraining order to the Department of

Revenue. Bob Link was served with a copy of the restraining order on May 18 and his employees on May 21.

On June 1, Link transferred the Allante to Cal Russ Motors which in turn sold the vehicle to Jim Lynch Cadillac on July 6. On August 8, plaintiff Byrne Fund Management purchased the Allante from Lynch for $24,039.80. From the date of purchase until May 23, 1992, the Allante was in the possession of plaintiff and the Herrmanns were unaware of its location. In April 1991, the St. Charles County Circuit Court issued a consent judgment between the Herrmanns and Smith settling their overall dispute. Included in the consent judgment was a determination by the court that the Herrmanns had an equitable lien against the Allante, that that lien was foreclosed and that the Herrmanns were the owners of the Allante. In May, 1992, Mr. Herrmann discovered the car in the driveway of the principal of plaintiff. In the morning, Herrmann followed the automobile to a gas station and when the driver left to pay for the gas, Herrmann got in the Allante and drove away. Herrmann still has possession of the vehicle at an undisclosed location.

On May 13, 1992, the Department of Revenue, based on plaintiff's prior application for title, issued a title to the Allante to plaintiff. After repossessing the vehicle from plaintiff, the Herrmanns applied for a title and on March 29, 1994, the Department issued a certificate of title to them.

After the repossession, plaintiff filed this action for conversion against the Herrmanns and for breach of warranty against Jim Lynch Cadillac. The Herrmanns responded with a counterclaim for conversion against the plaintiff. Lynch filed third party actions against other car dealers involved in the Allante travails but those actions are not involved in these appeals.

The trial court entered a judgment decreeing that plaintiff was the owner of the Allante. It granted Lynch's motion for summary judgment on plaintiff's claim against Lynch, and granted motions to dismiss on each of the conversion counts. Plaintiff appeals from the dismissal of its conversion claim against the Herrmanns, and the summary judgment in favor of Lynch. The Herrmanns appeal from the court's decreeing of ownership in the plaintiff and from dismissal of their counterclaim for conversion.

■ We deal first with the issue of ownership. The litigation in St. Charles County was between the Herrmanns and Smith. Plaintiff Byrne was not a party and is not bound by any judgment entered in that litigation. The consent judgment was entered a year after Byrne purchased the automobile. The actions of Smith and Link in violating the restraining order (if they did) may have subjected them to punishment for contempt. Violation of the restraining order did not, however, preclude them from passing good title to the Allante. *See International Motor Company, Inc. v. Boghosian Motor Company, Inc.*, 870 S.W.2d 843 (Mo.App.1993)[15]. When the Herrmanns entrusted the Allante to Smith (a merchant who deals in goods of that kind) for sale, they gave him power to transfer all rights of the entrusters to a buyer in the ordinary course of business. § 400.2–403(2) RSMo 1994. Link had not been served with the restraining order at the time he purchased the car, so there was no reason for him to think the sale was in violation of a third party's ownership rights. § 400.1–201(9) RSMo 1994.

■ Even if the prior transactions were fraudulent, plaintiff takes good title if he is a *bona fide* purchaser. James J. White & Robert S. Summers, *Uniform Commercial Code* § 3–12 at 189; *Landshire Food Service, Inc. v. Coghill*, 709 S.W.2d 509 (Mo.App. 1986)[6, 7]. A *bona fide* purchaser is one who pays valuable consideration, has no notice of the outstanding rights of others, and who acts in good faith. *Landshire Food Service, Inc. v. Coghill, supra.* The record establishes that Byrne met all three tests of a *bona fide* purchaser and therefore took good title free of the Herrmanns' claim. The St. Louis County Circuit Court correctly held that title to the vehicle was in plaintiff.

■ That determination also determines the Herrmanns' appeal of the dismissal of their conversion action. Plaintiff was the owner of the vehicle from the time it was purchased by plaintiff from Lynch and plain-

tiff's possession was lawful and proper. A cause of action for conversion is based on the wrongful possession of property. *Reason v. Payne,* 793 S.W.2d 471 (Mo.App.1990)[7, 8]. The trial court correctly dismissed Herrmanns' counterclaim.

■ Plaintiff contends that the litigation in St. Charles County cast a cloud on its title to the Allante and this entitles it to recover for breach of warranty against Lynch. Section 400.2–312(1)(b) RSMo 1994 provides that in a contract of sale, the seller gives a warranty that the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge. In *Skates v. Lippert,* 595 S.W.2d 22 (Mo.App.1979)[6] we held that the warranty of title does not protect a buyer of personalty from unwarranted interference by third parties. At the time plaintiff acquired the Allante it received good title and there were no liens or encumbrances against it. The trial court correctly granted Lynch's motion for summary judgment.

■ We do find, however, that the court erred in dismissing plaintiff's action against the Herrmanns for conversion. The trial court stated that it felt that the judgment in St. Charles County determining ownership to be in the Herrmanns prevented their repossession of the Allante from being wrongful. The judgment in St. Charles County was entered a year after plaintiff acquired the vehicle, that judgment was between the Herrmanns and Smith and did not involve nor bind the plaintiff. *Northland Auto Body, Inc. v. M & E Motors, Inc.,* 788 S.W.2d 548 (Mo.App.1990). The repossession by Mr. Herrmann was not from Smith but from a party not known to Herrmann whose interest in the Allante was unknown to Herrmann. By utilizing self-help against a stranger, Herrmann, who did not own the automobile, wrongfully took possession of the Allante which belonged to plaintiff. The petition of plaintiff was sufficient to state a claim for conversion and the trial court erred in dismissing the action.

Judgment dismissing plaintiff's count for conversion is reversed and remanded for fur-

ther proceedings, in all other respects the judgment is affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.